### S. W. TATE v. W. H. WYATT.

#### No. 6531.

1. **Cause of Action—Removal of Cloud upon Land Title.**—In suit to remove cloud from the title to land of the plaintiff it was alleged that the defendant owning an alternate land certificate had located it so that the section belonging to the State conflicted with and covered the land of the plaintiff described. Exceptions to the count in the petition setting out the facts were properly sustained, it not appearing that defendant was in possession or asserted any claim to the land.

2. **Disclaimer.** — In an action of trespass to try title the defendant pleaded not guilty and a disclaimer at the same time. The judgment upon the disclaimer granting the relief asked in the petition and adjudging that the defendant recover costs was strictly correct, it not appearing that the defendant ever asserted title to the land or had possession of it.

APPEAL from Llano. Tried below before Hon. A. W. Moursund.
The opinion contains a statement.

*R. H. Ward,* for appellant. — 1. The court erred in sustaining defendant's special exceptions to the second count in plaintiff's petition and in striking out the same, which said special exceptions are as follows:

(1). "That it shows that defendant has no interest in nor claim of title to or possession of the land described therein and sued for, but that the claim and title thereto is in the State of Texas, and possession being in plaintiff, and of this he prays judgment of the court.

(2) "That it shows plaintiff has no claim, title, or interest in the land patented to and belonging to defendant, nor interest in said patent, or any right or equity in same such as will authorize a decree against him to cancel said patent." Acts 1881, chap. 106, p. 122; Const., sec. 2, art. 14; Rev. Stats., art. 3898; Day Co. v. The State, 68 Texas, 536, 537; 3 Pome. Eq., 1399.

2. The court erred in rendering judgment against plaintiff on defendant's disclaimer for the costs of suit, because said defendant pleaded not guilty and general denial before making said disclaimer. Blue v. Chandler, 17 Texas, 126; Dikes v. Miller, 24 Texas, 422; Wootters v. Hall, 67 Texas, 513.

*Dowell & Posey,* for appellee.— 1.   The court did not err in sustaining defendant's special exceptions to the second count in plaintiff's petition and in striking out the same.   Decourt v. Sproul, 66 Texas, 370; Gullett v. O'Connor, 54 Texas, 408; Bryan v. Shirley, 53 Texas, 440; Todd v. Fisher & Miller, 26 Texas, 239; Johnson v. Smith, 21 Texas, 722.

2.   The court did not err in rendering judgment against plaintiff on the answer of defendant including his disclaimer for the costs of the suit, although defendant had pleaded not guilty and general denial before making said disclaimer.   Wootters v. Hall, 67 Texas, 514; Baker v. Tom, 4 Texas, 5; Howard v. Davis, 6 Texas, 174.

STAYTON, CHIEF JUSTICE.—Appellant, alleging that he was the owner of 425½ acres of land, part of a grant made to Middleton M. Hall on February 10, 1846, brought this action against appellee to recover that and to remove cloud from his title.

The facts on which he asked relief are thus correctly stated in brief of his counsel:

"He alleged, in substance, that defendant claimed to be the owner of Confederate script certificate No. 1983, issued to William R. Sharp for 1280 acres of land on the 18th day of August, 1882.   That on the 31st day of August, 1884, defendant caused said certificate to be located in two surveys, one for the State and one for himself, the survey for himself on land adjoining the land of plaintiff set out in first count of petition, and the survey for the State on the said land of plaintiff.   That the survey made for appellee was patented to him.  That the survey for the State was not made upon vacant land, but upon the land of plaintiff, which was a part of the league and labor patented to M. M. Hill in 1846.   That these locations and surveys were clouds upon plaintiff's title, which damaged him in the sum of $10,000.   Appellant prayed for judgment for the recovery of the land sued for, for damages, for the cancellation of appellee's patent, and the removal of clouds from appellant's title."

Appellee answered by general demurrer, special exceptions to the second count of plaintiff's petition, not guilty, and disclaimer of any interest in the land sued for by plaintiff.

The disclaimer was filed at same time the other defenses were entered. Judgment was rendered for appellant on the disclaimer, granting all the relief he asked, but awarding costs to appellee.

Appellant showed no cause of action against appellee in that count of his petition in which he stated the facts, and the court correctly sustained in so far the demurrer to the petition.

If appellant has cause of action it is not against appellee, who from his own averments neither asserts claim nor right to the land of which he alleges he is the owner, and a judgment against him could not in any manner affect the right of the State.

The judgment in favor of appellee for costs was strictly correct, he having entered a disclaimer, and there being no pretense that he ever asserted title to the land claimed by appellant or had possession of it.

The judgment will be affirmed.

*Affirmed.*

Delivered May 27, 1890.