### E. HERRING V. R. W. SWAIN.

#### No. 7521.

1. **Disclaimer— Effect of Pleading Not Guilty and a Disclaimer.**—Under our system which permits the pleading of inconsistent defenses the general issue will put the plaintiff upon proof of all the facts necessary to make out his case, although one or more of them be admitted in a special answer. But a disclaimer as it is known in equity pleading is not deemed an answer, and it is certainly not a defensive plea. It is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on the part of the defendant. If, therefore, a defendant in the action of trespass to try title should plead not guilty and at the same time file a disclaimer as to the entire tract of land sued for, it would seem that the plea should be disregarded and plaintiff should have judgment for the land.

2. **Same.**—Action in trespass to try title. The defendant disclaimed as to all the land sued for except such, if any, included within a named survey, and also pleaded not guilty. *Held*, the issue was as to the title of the land described in the disclaimer.

3. **Disclaimer.** — Such plea should describe the land, if any, to which the disclaimer does not extend. See defective disclaimer.

4. **Costs.**—Where on disclaimer save as to part of the land sued for the defendant on his disclaimer recovers any part of the land in controversy, he is entitled to his costs.

ERROR from Limestone. Tried below before Hon. RUFUS HARDY. No statement is necessary.

*W. A. Kincaid*, for plaintiff in error.—1. Where a defense does not go to the whole action, the allegation must be so certain and specific that if admitted the court can give judgment upon it for certain property or for a specific amount; and in trespass to try title, where a partial disclaimer is relied on for the purpose of relieving the defendant from the payment of costs, the answer must state distinctly the extent of the claim, so that if the disclaimer be admitted the plaintiff will not be put upon proof of his title to any portion of the land disclaimed, and the court can tell from an inspection of the pleadings for what to render judgment; in other words, the defendant must point out exactly the locus in quo to which his disclaimer applies. Christy v. Scott, 14 How., 295; Thompson v. Munger, 15 Texas, 523; Rev. Stats., art. 4794.

2. An answer which presents no defense valid in law presents no issue to be tried, and a verdict in such case is a nullity. Brewer v. West, 2 Texas, 376; Patterson v. Goodrich, 3 Texas, 331.

3. The omission to except can not constitute such pleading the basis of an adjudication. Ford v. Taggart, 4 Texas, 492; Powell v. Davis, 19 Texas, 380; Roddy v. Kingsbury, 5 Texas, 151.

4. The plea of not guilty puts in issue both the title and the trespass; and a defendant can not relieve himself from the payment of costs by pleading a disclaimer, following the general issue; because, by pleading the general issue as to the whole case, he puts the plaintiff upon

proof of his title. Blue v. Chandler, 17 Texas, 127; Baker v. Tóm, 4 Texas, 5; Warnell v. Moore, 10 Texas, 235; Dikes v. Miller, 24 Texas, 422.

5. The plaintiff can not take advantage of an admission in a special plea when the special plea is preceded by a general denial; and hence a disclaimer following a general denial does not relieve the plaintiff from proving his case, and can not save defendant from the payment of costs in case plaintiff has judgment. Fowler v. Davenport, 21 Texas, 631; Gould on Plead., secs. 18–25, pp. 428–433.

6. Where the defendant claims the whole premises, or fails to state distinctly in his answer the extent of his claim, and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs.

*L. J. Farrar*, for defendant in error.—1. When a defendant believes and knows that there is no conflict between the boundaries of plaintiff's survey and his own, in an action of trespass to try title, in the nature of things he can only disclaim as to all land claimed by plaintiff except that which he claims by metes and bounds under his own title.

2. It is not the office of a disclaimer to require defendant to admit a conflict, when none exists. McBee v. Johnson, 45 Texas, 634.

3. When a disclaimer is filed of a tract constituting a part of the demanded premises, then the disclaimer should show it to be a part of the premises sued for, and it should be described by metes and bounds; but if the disclaimer is of the entire tract sued for by plaintiff, it is sufficient to describe the land claimed by defendant. Rev. Stats., art. 4805; Christy v. Scott, 14 How., 282; McBee v. Johnson, 45 Texas, 634.

4. A disclaimer is in the nature of a special answer, and properly follows the plea of not guilty. Rev. Stats., arts. 4805, 4794; Sayles' Texas Prac., p. 22.

5. It is immaterial when the disclaimer is filed, so that it is done before the trial of the cause. McBee v. Johnson, 45 Texas, 634; Dikes v. Miller, 24 Texas, 417; Tate v. Wyatt, 77 Texas, 492.

6. When the defendant succeeds in an action of trespass, he recovers his costs.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the plaintiff in error against the defendant in error. The petition was in the statutory form, and described the land by metes and bounds. The defendant entered a plea of not guilty, and at the same time filed a disclaimer of title to any part of the land sued for by plaintiff, "except the land embraced in and covered by the Charles A. Lacoste survey," giving the boundaries of that survey. The court gave judgment for plaintiff for the land claimed by him, except for so

much thereof as was included within the boundaries of the Lacoste survey, and fixed the east line of that survey by a description which identifies it upon the ground. The defendant was adjudged to be entitled to hold all the land in controversy west of the line so fixed, and to recover all costs. There was a motion to reform the judgment so as to allow plaintiff to recover the costs, which was overruled.

The sole complaint in this court is, that the court erred in adjudging the costs against the plaintiff. The contention is, that because the defendant pleaded not guilty to the petition, without qualification, he put the plaintiff upon proof of his title to the entire tract of land claimed by him, and that therefore he should recover his costs. It is insisted that the disclaimer did not qualify or abridge the operation of the former plea. This should perhaps be treated more as a practical question than one capable of being decided upon any well defined rule of technical pleading. But even upon technical grounds, the position assumed can hardly be maintained. Under our system which permits the pleading of inconsistent defenses, the general issue will put the plaintiff upon proof of all the facts necessary to make out his case, although one or more of them may be admitted in a special answer. But a disclaimer, as it is known in equity pleading, is not deemed an answer (Story Eq. Plead., sec. 838, et seq.), and it is certainly not a defensive plea. It is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on part of the defendant. If, therefore, a defendant in the action of trespass to try title should plead not guilty, and at the same time should file a disclaimer as to the entire tract of land sued for by the plaintiff, it would seem that the plea should be disregarded and that the plaintiff should have judgment for the land, unless damages were claimed, in which case it would put him upon proof of the trespass only. Such was the ruling of this court in Tate v. Wyatt, 77 Texas, 492. The same principle was practically recognized in McBee v. Johnson, 45 Texas, 637, a case very like the case now before us. There was in that case a plea of not guilty and a disclaimer as to a part of the land sued for, and the case was treated as if the sole issue was as to that part of the premises described in the petition to which the defendant had not disclaimed. It follows, we think, that the sole issue in this case was as to the title to so much of the land claimed by the plaintiff as conflicted with the Lacoste survey, and that since the defendant prevailed upon that issue the court properly awarded him his costs.

But the plaintiff in error also insists, in effect, that because the defendant's disclaimer was not absolute and definite as to the part of the land to which he asserted a claim, it should not be treated as a disclaimer at all, and that having recovered a part of the land he should have recovered his costs. We incline to concur in the proposition that

the disclaimer was not what it should have been. Though we have no statement of facts, we think we may safely assume that it was really a suit to settle the boundary between the conflicting surveys. If so, and if the plaintiff had sued simply for the disputed strip, he would have tendered a distinct issue, and all this difficulty which has resulted from a partial disclaimer would have been avoided. So if the defendant had pleaded not guilty as to the land in dispute, and had definitely described it and had disclaimed as to the remainder, he would have presented sharply the issue for the determination of the court. But instead of so pleading, he says, in substance, I claim none of the land described in plaintiff's petition, except so much of it as may conflict with the Lacoste survey. We incline to think that if the disclaimer had been excepted to, it should have been stricken out. But since the plaintiff went to trial without moving to strike out the disclaimer, he should not now be permitted to say it was not good as such. The defendant practically said to the plaintiff, "Some of the land you claim is embraced in the Lacoste survey; that I assert title to. But as to the remainder, I disclaim." We infer from the judgment that the court found that a part of the premises sued for was included within the limits of the Lacoste survey, and adjudged it to the defendant, thus deciding the real issue in his favor. In such a case it was proper that he should recover his costs.

The judgment is affirmed.

*Affirmed.*

Delivered May 6, 1892.