## WILLIAMS et al. v. NEILL.

(Court of Civil Appeals of Texas. Austin. Nov. 27, 1912. Rehearing Denied Jan. 15, 1913.)

1. TRUSTS (§ 43*)—CREATION—VALIDITY OF ORAL TRUSTS.

A trust may be created by parol evidence varying the terms of a written instrument.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

2. DEEDS (§ 54*)—REQUISITES—DELIVERY.

In order to vest title in a grantee, it is necessary, not only that the deed be executed, but also that it be delivered.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 116; Dec. Dig. § 54.*]

3. DEEDS (§ 194*)—EVIDENCE—PRESUMPTION—DELIVERY.

The record of a deed is presumptive, but not conclusive, evidence of its delivery.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 574–583, 623; Dec. Dig. § 194.*]

4. TRIAL (§ 85*)—OFFER OF PROOF—EVIDENCE ADMISSIBLE IN PART.

Where any part of offered evidence is admissible, it is error to sustain an objection to the whole of it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. § 85.*]

5. WITNESSES (§ 159*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

In an administrator's action to recover real property and rents thereon, testimony of one of the defendants showing that he had never delivered a deed to decedent, that a codefendant had paid the purchase money for the property, and that the deed to decedent was delivered to such third party did not relate to transactions by defendant with decedent, but solely to what decedent himself did as to the deed and to a transaction between defendant and his codefendant, and hence was competent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 664, 666–669, 671–682; Dec. Dig. § 159.*]

6. TRESPASS TO TRY TITLE (§ 34*)—DISCLAIMER—EFFECT.

Where a party in trespass to try title files a disclaimer, he is no longer a party to the suit, unless, in addition to land, it is sought to recover damages.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 34.*]

7. WITNESSES (§ 139*)—COMPETENCY—TRANSACTIONS BETWEEN PARTY AND DECEDENT.

In an action to recover a lot and rents as damages, testimony of a defendant who had executed a replevin bond making himself liable

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

for such rents, but who had filed a general denial and also a disclaimer of any interest in the property, was inadmissible as to any transaction between himself and decedent relative to the property.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 582–597; Dec. Dig. § 139.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

·Action by James J. Neill, administrator of William Johnson, deceased, against Lula Williams and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Bell & Upton and Blanks, Collins & Jackson, all of San Angelo, for appellants. Wright, Wynn & Bartholomew, of San Angelo, for appellee.

## Findings of Fact.

JENKINS, J. Plaintiff, as administrator of William Johnson, deceased, brought suit to recover a lot in San Angelo, Tex., and for rents on same. Smith Ellis, one of the defendants, was common source. The lot formerly belonged to William Johnson, who deeded the same to Smith Ellis March 21, 1896. On July 3, 1896, Ellis executed and acknowledged a deed to said lot to said Johnson for the alleged consideration of $1. Said deed was recorded in Tom Green county December 29, 1905. Plaintiff sequestered the said lot, and the defendants replevied the same. Lula Williams filed plea of general denial and a plea of not guilty. Smith Ellis filed a general denial and plea of not guilty, and also disclaimed any interest in the real estate sued for, but claimed that he was the owner of a certain house located thereon, and that under a verbal agreement he had the right to remove the same at his option, or at the request of Lula Williams or William Johnson. Plaintiff, by supplemental petition, admitted that said Ellis owned said house, and had the right to remove the same.

There was judgment for the plaintiff for the recovery of·the lot, and for $600 rents against Lula Williams and Smith Ellis and their sureties on the replevy bond.

## Opinion.

The evidence as admitted by the court sustains the judgment. The issue upon this appeal is as to whether or not the court erred in excluding the testimony of Smith Ellis, which, as set out in bills of exception, would have been substantially as follows: That on March 21, 1896, he bought the lot involved in this suit from William Johnson, deceased, paying him therefor the sum of $90; that he had a verbal agreement with said Johnson to reconvey to him said lot at any time within 24 months from said date for the said sum of $90 with 10 per cent. interest to the date of such reconveyance;

that, in anticipation of said Johnson exercising this option to repurchase, he prepared the deed introduced in evidence by the plaintiff from himself to William Johnson on July 3, 1896, and placed the same in his private papers; that Johnson never exercised said option, never paid nor offered to pay him anything for said lot, and that he never at any time delivered said deed to said Johnson; that on December 29, 1905, defendant Lula Williams, who at that time was the bookkeeper of said Johnson, came to him, in company with said Johnson, and that Johnson requested him to sell said lot to Lula Williams; that said Lula Williams stated to him that she had sold a lot in Waco for $180 cash, and that she wished to buy said lot; that he sold the same to said Lula Williams for $180 cash and her note for $100, which she afterwards paid; that at said time he delivered the deed which he had executed to said Johnson on said 3d day of July, 1896, to said Lula Williams, and that she immediately took the same to the clerk's office, and filed it for record; that Johnson never at any time paid him anything for said deed; and that the purchase money for the same was paid to him by said Lula Williams. This testimony was objected to upon the ground that it related to a transaction of the witness with the deceased William Johnson; and also that it sought to vary the terms of a written instrument.

[1] 1. As to the latter objection, it is not tenable for the reason that it is well settled in this state that a trust may be ingrafted by parol evidence upon a written instrument. James v. Fulcrod, 5 Tex. 516–519, 55 Am. Dec. 743; Smalley v. Paine, 130 S. W. 742; Kinlow v. Kinlow, 72 Tex. 639, 10 S. W. 729; Allen v. Allen, 101 Tex. 362, 107 S. W. 528.

[2] 2. It will be seen from the above statement that the title to the lot in controversy prior to December 29, 1905, was in the defendant Smith Ellis. In order to vest said title in William Johnson, it was necessary to show, not only that said Ellis had executed a deed to said Johnson, but also that the same was delivered.

[3] The record of said deed was presumptive, but not conclusive, evidence of the delivery of the same. Had the proffered testimony been admitted, it would have shown that the deed from Ellis to Johnson was never delivered; and also would have shown that the legal title therein conveyed was held in trust by said Johnson for said Lula Williams.

[4] If any part of this testimony was admissible, the court erred in sustaining the objection thereto, as the objection was made to the whole of said testimony. Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 453;

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Railway Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 718; Dolan v. Meehan, 80 S. W. 101.

[5] 3. That portion of the proffered testimony which showed that Ellis never delivered the deed to Johnson did not relate to a transaction between said Ellis and Johnson, but solely as to what Johnson himself did with reference to said deed, and therefore should have been admitted. Potter v. Wheat, 53 Tex. 407; Edelstein v. Brown, 95 S. W. 1128; Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 451; Killfoil v. Moore, 45 S. W. 1025.

4. That part of the proffered testimony by which it was offered to show that Lula Williams paid the purchase money for said lot, and that the deed from Ellis to Johnson was delivered to her, did not relate to a transaction with Johnson, although he was present, but related solely to a transaction between Ellis and said Lula Williams, for which reason said testimony should have been admitted.

5. Appellant contends that the whole of said testimony, including that part which related to the transaction between Ellis and Johnson, should have been admitted, for the reason that Ellis, having filed a disclaimer, was not a real party to the suit, citing in support of this contention Markham v. Carothers, 47 Tex. 21; Mayfield v. Robinson, 22 Tex. Civ. App. 385, 55 S. W. 401; Herring v. Swain, 84 Tex. 525, 19 S. W. 774; Tate v. Wyatt, 77 Tex. 492, 14 S. W. 25; McBee v. Johnson, 45 Tex. 637.

[6] It is true that, where a party in an action of trespass to try title files a disclaimer, he is not to be considered as any longer a party to the suit, unless, in addition to the land, it is sought to recover damages.

[7] In this case the petition asked for rents as damages, and the court awarded judgment for $600 for such rents, which amount is sustained by the evidence. Also by executing the replevy bond, said Ellis made himself liable for said rents, for which reason his testimony should not have been received in this case as to any transaction between himself and the deceased William Johnson, relative to the lot sued for.

6. We overrule appellant's assignment as to the, admissibility of said testimony on the ground that Ellis was "an opposite party" to Lula Williams. in this suit.

For the error committed by the court in excluding the testimony of Ellis with reference to retaining possession of said deed, and never having delivered it to Johnson, the delivery of the same to Lula Williams, and the payment of the purchase money by said Williams, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.