### HAVARD v. CARTER–KELLEY LUMBER CO.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1913. Rehearing Denied Jan. 8, 1914.)

1. APPEAL AND ERROR (§ 66*)—FINAL JUDGMENT—NECESSITY.

If the judgment appealed from is not final, the Court of Civil Appeals has no jurisdiction to entertain the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 329–331, 335–343; Dec. Dig. § 66.*]

2. APPEAL AND ERROR (§ 76*)—JUDGMENTS APPEALABLE—"FINAL JUDGMENT."

The test of whether a judgment is final and appealable is whether it disposes of the whole controversy as to all parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426–428, 430, 431, 435–443; Dec. Dig. § 76.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7603.]

3. APPEAL AND ERROR (§ 80*)—JUDGMENTS APPEALABLE—FINAL JUDGMENT.

Where the petition in trespass to try title prayed for an adjudication of title and possession in plaintiff, and for damages for converting timber thereon, and the answer merely set up ownership to the timber, a judgment which awarded plaintiff damages was not final and appealable, not disposing of the issue of title.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

4. TRESPASS TO TRY TITLE (§ 34*) — DISCLAIMER.

A disclaimer by a defendant in trespass to try title is only an admission upon record of plaintiff's right to recover title, and a denial of the assertion of any title by defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 34.*]

Appeal from District Court, Angelina County; Ros Young, Special Judge.

Action by S. W. Havard against the Carter-Kelley Lumber Company. From a judgment in part for plaintiff, he appeals. Appeal dismissed.

Claiming to be the owner in fee simple of the east half of the James Warren 240-acre survey, the appellant brought the action in trespass to try title, and to recover damages for the alleged conversion of the pine timber thereon, against appellee. By its amended original answer, the appellee pleaded that it was the owner of all the merchantable pine timber growing on the east half of the James Warren 240-acre survey, through conveyance from Frances Havard, surviving wife of W. F. Havard, deceased, to Wm. Cameron & Co., Incorporated, and by conveyance from Cameron & Co. to appellee. The plaintiff offered in evidence a patent from the state of Texas to Jeremiah Havard, assignee of James Warren, for 240 acres of land, dated December 5, 1860. It was then agreed in open court: (1) That W. F. Havard is the common source; (2) that W. F. Havard was the husband of Frances Havard, from whom Wm. Cameron & Co. purchased the timber; (3) that W. F. Havard, at his death in 1894 or 1895, owned the 120 acres in controversy; (4) that it was community property, and the homestead of himself and wife, Frances; and (5) that at the death of W. F. Havard he left surviving him his wife, Frances, and 12 children, of whom plaintiff was one. Caroline Havard, one of the children, died after institution of this suit. Appellant then introduced in evidence a deed to himself dated June, 1906, from the heirs of W. F. Havard, deceased, except Annie and Caroline Havard, and also a deed from Frances Havard to J. L. and C. J. Havard, describing the land in suit. The defendant offered in evidence a timber deed to the timber on the east half of the James Warren survey, dated May 8, 1902, from Frances Havard to Wm. Cameron & Co., and then a deed from Cameron & Co. to itself for the timber. The appellee offered evidence going to show that, prior to the time of the deed from Frances Havard to Wm. Cameron & Co., Mrs. Havard and all her children, except Caroline Havard, had an agreed partition of their land, and that the children agreed that Mrs. Havard take as her part of the community estate of herself and deceased husband the 120 acres described in plaintiff's petition. The court submitted special issues to the jury to find whether an agreed partition was made, and whether appellee had disaffirmed the same after reaching majority, besides the findings on quantity of timber cut and its value. On the findings of the jury the court entered judgment that appellant recovered the sum of $35.04, and interest, against appellee, being one twenty-second of the total value of the timber cut, and that same proportion of court costs to be recovered by appellant, and appellee to recover twenty-one twenty-seconds of the costs. The title to the land sued for was not disposed of in the judgment, but, so far as the record shows, was undisposed of by any judgment of the court.

W. J. Townsend, Jr., of Lufkin, for appellant. Mantooth & Collins, of Lufkin, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

LEVY, J. (after stating the facts as above). [1] The judgment as entered in this case fails to make disposition of the title to the land, placed in controversy by the petition of the plaintiff, and the question is thereby presented of whether such judgment, in view of the pleading, can be characterized as a final one. Such question, raised on our own motion, must first be determined, for, if the judgment is not legally a final one, this court, under the statutes and numerous decisions, would not have jurisdiction to entertain the appeal.

[2] As said in Linn v. Aramboult, 55 Tex. 611, the test of a final judgment was thus truly stated by Justice Smith: "When the whole of the *matter in controversy is disposed of* as to all the parties, then there is a final judgment, and not before, from which an appeal or writ of error can be taken." To like effect and application is the case of Frank v. Tatum, 20 S. W. 869.

[3] And the test must be according to the pleadings placing the matters in controversy between the parties. The petition here declared on an action in trespass to try title to land, and for damages for conversion of timber thereon. The prayer in the petition was for title and possession of the land, and for damages. Thus, according to the petition, the matters placed in controversy, and calling for judicial disposition, were the title to the land and as well damages for taking the timber thereon. The defendant sued was thereupon legally called upon to make answer as to both of such matters alleged by the plaintiff. As the petition, which the court must look to, stated the rights claimed by the plaintiff, his ownership of the land, in order to recover, was the primary right to be settled, and the right to the timber followed as the legal incident of the ownership of the land. It was not a case, as pleaded by the petition, for claim of timber only. If the petition had claimed title to the land, and asked say $25, or even $400, as damages for timber taken, the district court would nevertheless have jurisdiction to try the case, because the title to the land would have determined the jurisdiction. But, on the other hand, if the petition had not declared on title, but had only claimed damages say for $400 or less for cutting and removing timber that the plaintiff asserted some right in, the district court would not have jurisdiction.

[4] Now, the defendant in this case made answer to the claims of the plaintiff, as made by his petition, by demurrer, and by plea setting up ownership to the timber on the land through conveyances under the mother of plaintiff. So, considering the character of the plea made by the defendant to the plaintiff's claim under his petition, it would appear that the defendant was not making any claim of ownership of the land, but ownership only of the timber thereon. And the legal effect of the answer of defendant would be a disclaimer merely on the part of the defendant to any title in the land itself, or else a failure to make any answer to the claim of title to the land. But giving effect to the answer of a disclaimer of any title to the land, or a failure in this respect to make answer at all, it would not operate to so change the legal character of the action as to make the suit a suit in the first instance, considering the petition and prayer, purely one for damages. The effect given to a disclaimer is only an admission upon the record of the plaintiff's right to recover the title to the land, and a denial of the assertion of any title to the land on the part of the defendant. Herring v. Swain, 84 Tex. 525, 19 S. W. 774. And the effect to make answer at all is a default judgment for plaintiff for the land. Article 7750, Rev. Civ. St. 1911. The court, nevertheless, would be called upon to dispose of the question of title by a formal judgment; it being placed in controversy as an issue to be settled between the parties by the petition. For the effect of the disclaimer was not to withdraw further from the suit the right of plaintiff to have judgment by the court for the land sued for, but only the denial in point of fact by the defendant that he has any claim to the land. And unless the title sued for by the plaintiff is disposed of by the court by a formal judgment, then all the matters considered from the petition before the court in this case, and which the court must look to, could not be said to have been disposed of by the court. And as a consequence the judgment in the record, considering the pleadings, fails to meet the test laid down by the decisions that characterizes a judgment as a final judgment. It is not made clear by the record, and we could not say from the record, that the parties here treated the answer, in practical construction, as a disclaimer of title, or nonanswer as to title to the land, for it appears that the plaintiff introduced and insisted upon evidence of his title. And even if the parties had treated the case, so far as conveniently offering evidence is concerned, as one ultimately to determine the right to the timber, yet, nevertheless, considering the character of suit made by the petition, when the time came for pronouncement by the court of a complete final judgment, it was required as a judicial action on the part of the court that the matters and all of them made a controversy by the petition as well as by the answer be regarded and disposed of by the court.

A motion was made to strike out the briefs; but we overrule such motion, concluding, as we do, that the waiver of service attached to the reply impliedly waives the filing in the district court. But, if we had sustained the motion, we would necessarily, under the rules, have had to pass on the record to determine our jurisdiction, and the same ruling as now would have resulted.

The appeal is dismissed for want of jurisdiction.