RICHARDS et al. v. HARTLEY et al.
(No. 7768.)

(Court of Civil Appeals of Texas. Dallas. April 7, 1917.)

1. WITNESSES ☞163 — STATEMENTS OF DECEDENT—TITLE TO LAND.

Testimony of a deceased's daughter, in a partition suit in which she was a defendant, that deceased stated no one could take away from his wife certain land he had deeded to her, is inadmissible under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that in actions by or against decedent's heirs neither party may testify regarding decedent's statements, since such testimony was intended to establish the land had become the wife's separate property.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 670.]

2. WITNESSES ☞140(19) — STATEMENTS OF DECEDENT—DISCLAIMER—EFFECT.

Testimony of a deceased's daughter, in a partition suit in which she was a defendant, which was originally inadmissible under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that in actions by or against a decedent's heirs neither party may testify regarding decedent's statements, is rendered admissible where she disclaims interest in the property although still entitled to recover costs.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 618.]

3. HUSBAND AND WIFE ☞262(1)—COMMUNITY PROPERTY—PRESUMPTION.

Where a husband buys land with community funds and conveys it to his wife, it presumably remains community property as to subsequent purchasers.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 913.]

4. HUSBAND AND WIFE ☞264—COMMUNITY PROPERTY—SUFFICIENCY OF EVIDENCE.

Where a husband buys land with community funds, a deed of such land to his wife may be sufficient to indicate his intention to make it his wife's separate property as between the husband and wife and their heirs.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 916.]

5. APPEAL AND ERROR ☞837(12)—FINDINGS —EVIDENCE CONSIDERED.

In determining whether a finding of fact is supported by the evidence, testimony erroneously excluded cannot be considered, since the trial court might have reached the same conclusion with the evidence admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3276.]

**6. APPEAL AND ERROR ⟨Key⟩907(3)—PRESUMPTIONS—EVIDENCE TO SUPPORT FINDINGS.**

In absence of a statement of facts, every fact necessary to support a judgment will be presumed, unless the facts found and recited by the judge indicate his judgment is erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673.]

Appeal from District Court, Freestone County; A. M. Blackman, Judge.

Partition suit by J. Hartley and others against W. H. Richards and others. From a decree declaring the various interests and appointing commissioners, etc., the defendants appeal. Reversed and remanded.

Boyd & Bell, of Teague, Wm. Watson, of Centerville, and Jno. A. Newsom, of Buffalo, for appellants.

RASBURY, J. The appellees, Jestina, Leroy, and Dalton Hartley, by next friend, J. W. Hartley, sued appellants, Maggie Baker and her husband, John Baker, Mrs. Willie Downs, W. H. Richards, and G. T. Davis, to compel, among other things, a partition of certain lands in Freestone county, alleged to be owned jointly by appellees and appellants. Mrs. Willie Downs adopted the pleading of appellees. The appellants Richards and Davis, in substance, answered that they purchased the land sought to be partitioned for a valuable consideration from Mrs. M. L. Dare, grandmother of appellees and mother of Mrs. Baker and Mrs. Downs, who at the time of the conveyance claimed same as her separate estate, and without notice of appellees' claim thereto. Mrs. Baker, in effect, adopted the pleading of Richards and Davis, but, during a suspension of the trial, disclaimed all interest in the land, and her pleading so stood when judgment was rendered. There was trial before the court, resulting in a decree declaring that the appellees owned jointly an undivided one-sixth interest therein, Mrs. Willie Downs a similar one-sixth interest, and Richards and Davis jointly a similar four-sixths interest. Commissioners were appointed and directed to partition the land under the statutory rule.

The record does not contain a statement of facts, but the trial judge did file conclusions of fact; those facts found by the court and bearing upon the issues presented in the briefs being these: G. J. Dare and Mrs. M. L. Dare were husband and wife. During the life of both, G. J. Dare purchased, with community funds, the land sought to be partitioned, taking the title thereto in his wife's name. G. J. Dare died January 25, 1910. After the death of G. J. Dare, this suit was commenced. Mrs. Dare died during pendency on May 1, 1914. Subsequent to the death of her husband, however, and on January 23, 1913, Mrs. Dare conveyed the land to appellants Richards and Davis for a cash consideration, but not for the purpose of paying community debts. The appellees Jestina, Leroy, and Dalton Hartley are the only children of Lucy Hartley, formerly Dare, daughter of G. J. and M. L. Dare. Willie Downs and Maggie Baker are also daughters of G. J. and M. L. Dare, who with the Hartley children constituted all the heirs when Mrs. Dare died.

[1] The first complaint is directed to the action of the court in excluding certain testimony tendered by appellants. The parties occupying the respective attitudes, and the issues being as we have stated, the trial was begun. During its progress, appellants, defendants below, tendered their codefendant, Maggie Baker, as a witness. She testified that she was the daughter of G. J. and M. L. Dare, and that after G. J. Dare purchased the land sought to be partitioned she had a conversation with him concerning same. The substance of the conversation was that Mrs. Baker suggested to her father that she was convinced that Jim Hartley, his son-in-law, was not his friend, and that in case Dare died before his wife Hartley would attempt to "beat" her out of all she had. To the suggestion her father replied:

"One thing certain, Jim Hartley, or anybody else, would not be able to beat her out of the land he had deeded to her."

Upon objection, the testimony was excluded because of the provisions of article 3690, Vernon's Sayles' Civ. Stats., familiar to bench and bar, which, among other things, declares in substance that in actions by or against the heirs of a decedent, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by such decedent, etc. The testimony was obviously offered for the purpose of showing that G. J. Dare intended the property for the separate use and benefit of his wife, and was as obviously within the inhibition of the statute. Mrs. Baker was a defendant, had adopted the answer of Richards and Davis, which asserted that the land was the separate property of Mrs. Dare, and that they were innocent purchasers for value without notice, and yet had not been called to testify by the appellees.

[2] The foregoing proceedings were had April 4, 1916, at which time the hearing was postponed until April 17, 1916, to enable one of the parties (the record does not disclose which) to secure testimony not then available. After the postponement and on April 11, 1916, Mrs. Baker, the witness, filed a disclaimer in the case in the manner and form required of any interest in the land. When the hearing was resumed on April 17, 1916, the testimony of the witness, amplified and extended, was again tendered and again excluded for the same reason; the court stating that she remained a party to the suit in which judgment might be rendered against her. While Mrs. Baker, as we have said,

was such a party to the suit as prevented her from testifying to any statement by her father concerning his purpose in taking title in his wife to the land sought to be partitioned, yet when she filed her disclaimer the bar of the statute was removed. Markham v. Carothers, 47 Tex. 25; Gilder v. Brenham, 67 Tex. 345, 3 S. W. 309; Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Britton v. Tischmacher, 31 S. W. 241; Mayfield v. Robinson, 22 Tex. Civ. App. 385, 55 S. W. 399; Barrett v. Eastham, 28 Tex. Civ. App. 189, 67 S. W. 200. While the learned trial judge correctly observed that Mrs. Baker, even after disclaiming, remained a party to the suit against whom judgment might be rendered, it was also true that she had voluntarily abandoned all claim to the land in controversy, and, while by law entitled to recover her costs, she had no actual interest in the result of the suit, which, if anything, would have induced her to seek the advantage that might be presented as the result of the death of her father. Her disclaimer was an admission of appellees' right to the land as against her and a denial of any title on her part. Herring v. Swain, 84 Tex. 523, 19 S. W. 774. While judgment would be necessarily rendered against her for one or the other of the contestants, she had no such interest in the result as is contemplated by the statutes. Such is the substance of the rule announced in the cases cited. For that reason, we conclude the evidence should have been formally admitted and considered by the court.

[3-6] By appropriate assignment, it is also contended that the judgment is contrary to law and the evidence, since it appears from the evidence that the land was in fact the separate estate of Mrs. M. L. Dare. This contention is sought to be supported first by the court's finding that the land was bought by Dare with community funds and conveyed to his wife; and, second, by the evidence of Mrs. Baker, which the court excluded. As we have said, there is no statement of facts in the record, and we do not know whether the court based his conclusions alone on the recitations in the deed, which is not before us, but on other facts developed at trial in connection with the deed. Even if his action was based alone on the bare facts stated by the court, they are nevertheless sufficient to sustain the judgment, since it is elementary that when land is bought by the husband with community funds, and at his instance the land is conveyed to the wife, the presumption, as to subsequent purchasers, is that it is community property, while as between the husband and wife and their heirs such a deed may, in the absence of other rebutting circumstances and facts, be sufficient to show that it was intended by the husband to thereby make it the separate property of the wife. As relates to the facts which Mrs. Baker would have testified to, it is certain that we may not consider them in support of the as-

signment. Those facts are before us only for the purpose of determining their admissibility under the terms of article 3690, supra. Even if the testimony had been admitted, the court may, so far as we may know, have concluded as he did that the property was community, basing his conclusion on other testimony of a conflicting nature; for, in the absence of a statement of facts, every fact necessary to the correctness of the judgment will be presumed, unless it appears that on the facts found and recited by the judge his judgment is erroneous. Kimball et al. v. Houston Oil Co. et al., 100 Tex. 336, 99 S. W. 852. On the facts found by the court and appearing in the record, it cannot be said that his judgment is erroneous.

Because we are of opinion that the testimony of Mrs. Baker was material and admissible, it becomes our duty to reverse the judgment and remand the cause for another trial not inconsistent with the views herein expressed.

Reversed and remanded.