**HOPPER et al. v. TANCIL et al.** (No. 3242.)

(Court of Civil Appeals of Texas. Texarkana. June 2, 1926. Rehearing Denied June 17, 1926.)

1. **Husband and wife** ☞273(1)—Wife held entitled to recover community land conveyed by deceased husband to secure debt which had been paid.

Where husband conveyed 40 acres of community property to secure indebtedness and grantee agreed to reconvey to the husband or his mother, but only 35 acres was reconveyed, though indebtedness was paid, wife *held* entitled to the land in trespass to try title; husband being dead, and mother disclaiming.

2. **Trespass to try title** ☞38(1).

In trespass to try title, burden is on holder of equitable title to show that purchaser of legal title had notice of equitable title and was not purchaser for value.

3. **Covenants** ☞100(1).

Under warranty deed describing tract as acreage, purchaser *held* entitled to recover for deficiency resulting from laying out and platting of land into lots, blocks, and streets, by plat which was not recorded, in view of Rev. St. 1925, art. 1297.

Error from District Court, Harris County; J. D. Harvey, Judge.

Trespass to try title by Mabel Tancil and husband against G. B. Hopper and others. Judgment for plaintiffs for part of land claimed and in favor of defendant M. R. Kleas for remainder of land and for other relief, and defendant Hopper and another bring error. Affirmed.

Bryan, Dyess, Colgin & Suhr, of Houston, for plaintiffs in error.

Ward & Ward and Stevens & Stevens, all of Houston, for defendants in error.

LEVY, J. Mabel Tancil, joined by her husband, brought the action in trespass to try title to 40 acres of land, consisting of four 10-acre tracts numbered 5, 6, 7, and 8 of the F. E. Pye subdivision of the Freeling and Hamilton surveys in Harris county. Mabel Tancil was formerly the wife of Nathaniel Fenton Brown, who died January 15, 1922. N. F. Brown left no children. The suit was filed February 8, 1923. The defendants named in this suit were G. B. Hopper, Lucy Brown, mother, and Beulah Reynolds and Fannie Burr, sisters of Nathaniel Fenton Brown, deceased, J. E. Walton, administrator of the estate of Nathaniel Fenton Brown, deceased, and M. R. Kleas.

The defendants Beulah Reynolds and Fannie Burr each filed a disclaimer to any interest in the land. The defendant G. B. Hopper disclaimed as to 35 acres of the 40 acres in suit, but pleaded not guilty as to 5 acres. Lucy Brown disclaimed as to 5 acres of the land, but pleaded not guilty as to the 35 acres. She further filed a cross-action against Mabel Tancil, M. R. Kleas, and J. E. Walton, as administrator, for the title and possession of the 35 acres, claiming to be the owner in fee-simple title and by equitable title. J. E. Walton made answer as administrator of estate of Nathaniel Fenton Brown, deceased. M. R. Kleas pleaded not guilty to the actions of both the plaintiffs and Lucy Brown. He further by cross-action against the plaintiffs, defendants, and G. B. Hopper sought to recover the title to the 40 acres of land, and also against G. B. Hopper for breach of warranty in the conveyance to him of 35 acres of the land. G. B. Hopper defended as to the title and against the breach of warranty.

After hearing all the evidence, the court withdrew the case from the jury, and, in the light of the disclaimers and the evidence, entered judgment in favor of the plaintiff Mabel Tancil for 5 acres of the land as against all the parties, and in favor of M. R. Kleas on his cross-action for the 35 acres as against all the parties. M. R. Kleas was also awarded judgment against G. B. Hopper on his warranty, on the deficiency of acreage of the 35 acres. G. B. Hopper and Lucy Brown have appealed from the judgment.

[1] Appellant Lucy Brown makes no point on appeal as to the 5 acres recovered by appellee Mabel Tancil, she having entered in the trial court a disclaimer as to any interest in the same. Her controversy on appeal is as to the 35 acres adjudged to M. R. Kleas. And Mabel Tancil makes no claim on appeal as to the 35 acres. G. B. Hopper claims on appeal that he, and not Mabel Tancil, is entitled to recover the 5 acres adjudged to Mabel Tancil, and also that M. R. Kleas was not entitled to recover against him the damages as of breach of warranty in the deed. M. R. Kleas contends that he was entitled to the 35 acres as against Lucy Brown, as well as damages against G. B. Hopper for breach of his warranty.

The claim of title appears as follows: (1) Deed from H. B. Jackson to Edwards Land Company of the 40 acres of land in suit, dated October 5, 1914. The grantees were a partnership composed of H. F. Edwards and N. F. Brown. It was agreed that the Edwards Land Company was the common source of title. (2) Deed from H. F. Edwards to N. F. Brown of his interest in the 40 acres, dated August 12, 1915. (3) Warranty deed from N. F. Brown to G. B. Hopper of the land in suit, dated October 4, 1915. G. B. Hopper assumed the payment of certain outstanding liens against the land. At the time and date of the execution of the deed from N. F. Brown to G. B. Hopper a written contract was entered into between G. B. Hopper and N. F. Brown concerning the said conveyance and the land. The effect of the agreement was to constitute the deed a mortgage to secure the mortgagee, Hopper, in certain indebtedness payable by November 1, 1917. The due date of the indebtedness, such as was unpaid at the time, was later extended to May 5, 1919. This latter written agreement was made between G. B. Hopper and N. F. Brown and Lucy Brown. The following is a term of the agreement:

"I, George B. Hopper, do hereby agree to convey unto the said N. F. Brown or Lucy Brown, either or both of them, all right and appurtenances to the above tract of land, upon the payment of the sum herein provided for at the time and manner herein provided."

While the said deed was made in the name of N. F. Brown, it appears that Lucy Brown, the mother, was claiming the land and making payments on the indebtedness, the same being the purchase money. The contract, though, stipulates for the payment by N. F. Brown to G. B. Hopper of the interest on the indebtedness. G. B. Hopper admits that the conveyance was intended as a mortgage. He says:

"She (Lucy Brown) asked me to make her a loan on this piece of property; that there were several notes due and some past due; that, if I would assume the payment of those notes, I could have security. She was to deed the land to me, and I was to hold it for a period of three years to give them an opportunity to pay it out. I agreed to carry it for her. Lucy Brown asked me to make the contract in writing with her son, N. F. Brown. I have received money from Lucy Brown in payment of the contract. * * * I did not make any additional loans on the land."

At the instance of Lucy Brown and N. F. Brown, on November 19, 1921, G. B. Hopper executed an oil and gas lease on the property to R. L. Autry for $4,500, and the money was applied in full payment of the indebtedness on the land due by Lucy Brown or N. F. Brown, and both of them. Thereupon, on November 19, 1921, G. B. Hopper executed a general warranty deed to N. F. Brown to 35 acres of the land. It appears that the deed was made in the name of N. F. Brown to the 35 acres at the special direction of Lucy Brown, to be held for her. A reconveyance of the remaining 5 acres was not made by G. B. Hopper. In these circumstances the court did not err in entering judgment against G. B. Hopper in favor of Mabel Tancil, wife of N. F. Brown, for the 5 acres of land. G. B. Hopper was admittedly holding the title as mortgagee until the mortgage indebtedness was paid. After the mortgage indebtedness was paid, G. B. Hopper, under his written contract, was obligated "to convey unto the said N. F. Brown or Lucy Brown, either or both of them, all right and appurtenances to the above tract of land." A deed was made to 35 acres, leaving 5 acres held by G. B. Hopper as trustee for "either" N. F. Brown or Lucy Brown. And as Lucy Brown, as well as her daughters, disclaimed any interest in the 5 acres, N. F. Brown, or his wife for him, was entitled to it. It was their community property. There is no sufficient proof that Mabel Tancil and her first husband were divorced. And there is no room in the evidence for a finding that G. B. Hopper held or owned any interest, except as mortgagee, in the 40 acres of land or any part of it. After the disclaimer there was no further triable issue between the parties, even though Lucy Brown may have had an equitable interest in the land. Dodge v. Richardson, 70 Tex. 209, 8 S. W. 30; Wootters v. Hall, 67 Tex. 513, 3 S. W. 725; Herring v. Swain, 84 Tex. 523, 19 S. W. 774. This disposes of the appeal relat-

ing to the 5 acres of land, and the judgment in that respect will be affirmed.

[2] The next branch of the case is the controversy over the 35 acres claimed by Lucy Brown and recovered by M. R. Kleas. Lucy Brown seeks to recover upon the claim that her son, N. F. Brown, held the title in trust for her. · There is evidence going to show such claim to be true. She was the holder of the equitable but not the legal title to this land. But M. R. Kleas was a purchaser of the 35 acres for value from S. R. Green, who acquired the legal title by administrator's deed in due proceedings through the probate court. S. R. Green was a judgment creditor of N. F. Brown, who at the time held the legal title to the 35 acres. Lucy Brown was a party to the suit, although later she was dismissed from the suit. The judgment was for service rendered for the benefit of the property. The land was later sold by the administrator of estate of N. F. Brown to satisfy the debt. The trial court concluded that the burden of proof rested upon Lucy Brown, as holder of the equitable title, to show that M. R. Kleas had notice of such title and was not a purchaser for value, and that there was no evidence of any probative force raising any such issue. It is thought that the record supports the trial' court's conclusion,, and that therefore the judgment in this respect must be affirmed. We have duly considered the assignments of error bearing upon this branch of the case, and think that they should be overruled.

[3] The next point presented relates to the recovery by M. R. Kleas against G. B. Hopper, as for breach of warranty in the deed. The deed from G. B. Hopper to N. F. Brown was a general warranty deed covering 35 acres of land. The deeds from the administrator to Green and from Green to M. R. Kleas also described the same tract as acreage. It appears, however, that the tract was laid out and platted into lots, blocks, and streets. The lots of the addition were to be sold and deeds thereto were to be made according to recorded plat. At the time M. R. Kleas purchased, the plat was not of record, but it was recorded May 5, 1924. The deficiency in acreage represented by the streets dedicated in the 35 acres was 13.186 acres. In such circumstances G. B. Hopper was chargeable on his warranty for the deficiency in acreage represented by the streets dedicated. The incumbrance of the plat and the dedicated streets was such as could ·not be removed. Gibson v. Carroll (Tex. Civ. App.) 180 S. W. 630; Robinson v. Street (Tex. Civ. App.) 220 S. W. 651. The statute is applicable. Article 1297, R. S. of 1925. M. R. Kleas could recover of G. B. Hopper the amount awarded. Lewis v. Ross, 95 Tex. 358, 67 S. W. 405.

The judgment is in all things affirmed.