## MILLER–VIDOR LUMBER CO. et al. v. ADAMS et al. (No. 1630.)

Court of Civil Appeals of Texas. Beaumont. April 6, 1929.

Rehearing Denied April 24, 1929.

A. H. Mount, of Dallas, and T. B. Ridgell, of Breckenridge, for appellants.

E. D. Foree, of Rockwall, and Thos. R. Bond, of Terrell, for appellees.

C. A. Lord and Chas. S. Pipkin, both of Beaumont, for appellants.

Geo. E. Holland, of Beaumont, and Tom Adams, of Orange, for appellees.

HIGHTOWER, C. J. The appellees, who were the plaintiffs below, brought this action of trespass to try title in the district court of Jasper county against appellant Miller-Vidor Lumber Company to recover the title and possession of the Samuel Hentzleman survey of 640 acres of land in Jasper county and to recover the value of 162,878 feet of pine timber, which appellees alleged appellant had unlawfully cut and removed from the land sued for. Appellees alleged that the pine timber cut and removed by appellant from the land in controversy was of the manufactured value of $4,888.30, and they prayed to recover that amount as damages; but in the alternative, appellees alleged that in the event it should appear upon the trial that they were not entitled to recover the manufactured value of the timber, that then they were entitled to recover the stumpage value of the timber, which they alleged was $1,-628.78, and prayed accordingly.

Appellant answered by general demurrer, general denial, plea of not guilty, and, in addition, interposed all of the statutes of limitation in bar of the suit, and prayed that appellees be denied any recovery, for costs of suit and for general relief.

The case was tried with a jury and was submitted upon three special issues, all of which were answered in favor of the appellees. The first special issue submitted was as to the true location of the east line of the Samuel Hentzleman survey, and the jury answered that the true location of that line was as claimed by the appellee. The jury, in answer to the other two questions submitted, found that appellant had cut and removed from the land 168,000 feet of pine timber and that its stumpage value was $5 per thousand.

After the verdict was returned both sides moved for judgment. The motion filed by appellees was as follows: "Now in the above styled and numbered cause comes the plaintiffs and move the court to render and enter judgment herein for plaintiffs and against defendants for the sum of $810, in accordance with the verdict of the jury rendered and filed herein.

Appellants' motion for judgment was as follows: "Comes now the defendant in the above-entitled and numbered cause, and moves the court to render and enter judgment in its favor and against the plaintiffs for the title and possession of the tract of land described in the plaintiff's petition; and it moves the court to render judgment against the plaintiffs on their claim for damages for timber cut."

The court entered an order overruling appellants' motion in toto, and rendered judgment in favor of appellees for $810, with interest at the rate of 6 per cent. per annum from the date of the judgment and "nothing more." The judgment made no disposition whatever of the land sued for by appellees. After the case reached this court, appellees filed a motion to dismiss the appeal for lack of jurisdiction in this court to entertain it, their contention in this connection being that the judgment entered in this case was not a final judgment, because no disposition was thereby made of the subject-matter of this suit, since the judgment wholly failed to make any disposition whatever of the land in controversy in this suit. We did not dispose of the motion to dismiss prior to submission of the cause, but took the motion with the case. After the case was regularly submitted and was under consideration, we at first thought that the motion to dismiss should be overruled, and proceeded to a consideration of the case on its merits. After due consideration of the contentions made by appellants and in an effort to dispose of them, we concluded that our first impression, that the motion to dismiss should be overruled, was erroneous, and we again took up the motion to dismiss for more careful consideration, and after doing so we became convinced that the motion to dismiss for lack of jurisdiction in the court must be sustained.

As we have stated above, the pleadings in this case on both sides put in controversy the entire Samuel Hentzleman survey as well as damages for timber cut therefrom by appellant, as claimed by appellee, but the judgment, as we have shown, made no disposition whatever of the land sued for, or any portion of it, but was merely to the effect that the appellees recover from appellant $810, with interest as damages for the value of timber cut from the land by appellant as established by the verdict.

In the case of Linn v. Arambould, 55 Tex. 611; the Supreme Court of this state held: "When the whole of the matter in controversy is disposed of as to all the parties, then there is a final judgment, and not before, from which an appeal or writ of error can be taken."

In the case of Havard v. Carter-Kelley Lumber Co., 162 S. W. 922, the Texarkana Court of Appeals had before it for consideration the exact question we are now considering, and held that the judgment in that case, which was an action of trespass to try title and for damages for timber cut, was not a final judgment for the reason that it made no disposition whatever of the land sued for by the plaintiff, but only disposed of the damages claimed by the plaintiff for timber that was removed from the land by the defendant in that case. The court in that case, after quoting with approval the holding in Linn v. Arambould, supra, said:

"The petition here declared on an action in trespass to try title to land, and for damages for conversion of timber thereon. The prayer in the petition was for title and possession of the land, and for damages. Thus, according to the petition, the matters placed in controversy, and calling for judicial disposition, were the title to the land and as well damages for taking the timber thereon."

The court then after stating that the judgment in that case made no disposition of the land in controversy, further held as follows:

"The court, nevertheless, would be called upon to dispose of the question of title by a formal judgment; it being placed in controversy as an issue to be settled between the parties by the petition. * * * And unless the title sued for by the plaintiff is disposed of by the court by a formal judgment, then all the matters considered from the petition before the court in this case, and which the court must look to, could not be said to have been disposed of by the court. And as a consequence the judgment in the record, considering the pleadings, fails to meet the test laid down by the decisions that characterizes a judgment as a final judgment."

Thereupon the court held that, the judgment there under consideration not being a final one, the appeal should be dismissed for lack of jurisdiction, and disposed of it accordingly. So far as we are able to see, there is no distinction whatever between the judgment rendered by the lower court in the Havard Case and the judgment rendered by the lower court in this case as to the disposition made of the subject-matter in both cases.

The learned counsel for appellant contends that the judgment in this case is a final judgment for two reasons: The first reason is that, the judgment having awarded a recovery in favor of appellees for damages for timber cut from the land in controversy, which was one of their causes of action and making no express disposition of their other cause of action, namely their suit for the land itself, that the legal effect of the judgment was one against appellees for the recovery of the land sued for by them, and that therefore the judgment is a final one and this court has jurisdiction to entertain this appeal. Counsel cites, in support of this contention, that line of authorities in this state which hold that where a plaintiff sues on two or more causes of action and recovers judgment on only one of them, without any express disposition in the judgment of the other causes of action, that the legal effect is to deny to the plaintiff any recovery on the other causes of action not expressly disposed of by the judgment. This rule contended for by counsel for appellant has application where the several causes of action sued on by the plaintiff are separate and distinct causes of action. Here, however, the causes of action sued on by the plaintiffs are not separate, distinct, and independent causes of action and the rule has no application. The right of the plaintiffs in this case to recover damages for timber cut depends wholly upon their ownership of the land sued for by them. The recovery of the land was the primary object of the plaintiffs in bringing this suit, and the recovery of damages, which depended upon their ownership of the land, was only secondary, as was remarked by the court in Havard v. Carter-Kelley Lumber Co., supra.

The second reason given by counsel for appellant on his contention that the judgment in this case is a final one is that, this being an action of trespass to try title and the plaintiffs having failed to recover judgment for the land sued for, that the legal effect of the judgment was to deny a recovery of the land to the plaintiffs, and was, therefore, in legal effect a judgment in favor of appellant for the land in controversy, and in support of this contention cites that line of authorities which hold that where the plaintiffs in an action of trespass to try title fails to recover the land sued for, that the legal effect of the judgment is one in favor of the defendant for the land in controversy. This court is familiar with the rule contended for by counsel for appellant in this connection, but we think it is without application to the judgment rendered in this case. The judgment is not one decreeing that the plaintiffs take nothing by this suit, but is merely a judgment allowing the plaintiffs a recovery on their secondary cause of action, namely, for the value of timber cut from the land, the title and possession of which was the primary or main cause of action and subject-matter involved in this suit. The proper construction of this judgment as we see it is that the trial judge expressly refused to dispose of the land in controversy by denying recovery of any portion of it to either party. Therefore we hold that the main subject-matter of this suit has not been disposed of in any manner by the judgment rendered and entered in this cause and for that reason is not a final judgment, and the appeal must be dismissed; and we have so ordered.

Dismissed for lack of jurisdiction.