## TULL v. WILBARGER COUNTY et al.
### No. 3531.

Court of Civil Appeals of Texas. Amarillo.
Jan. 14, 1931.

Rehearing Denied Feb. 18, 1931.

Storey, Leak & Storey, of Vernon, for appellant.

Berry, Warlick & Gossett, of Vernon, for appellees.

JACKSON, J.

This is a suit in trespass to try title instituted in the district court of Wilbarger county, Tex., by the plaintiff, J. L. Tull, against the defendants Wilbarger county, J. V. Townsend, county judge of said county, Hugh King, T. K. Huffman, J. M. Reynolds, and R. Cobb, county commissioners of said county, to recover the title and possession of a strip of land 80 feet wide and 2,180 feet long, the description of which is sufficiently set out in plaintiff's petition and the exhibit attached thereto.

The defendants filed a plea in abatement, requesting that the suit be abated and dismissed because of nonjoinder of necessary parties defendant, alleging that the state of Texas or the state highway commission is a necessary party defendant, that the land in controversy is a part of state highway No. 28, and, prior to the filing of plaintiff's petition, possession thereof was taken by the state highway commission and maintained by the state as required by law, and that the defendants are not in possession of said land, and have no possessory right, claim, or control over said land or any part thereof.

The other allegations in the defendants' plea in abatement and the pleadings of the plaintiff in reply thereto, under our view of the case, are immaterial for a disposition of this appeal.

The court heard testimony on the plea in abatement, and, among other things, in his findings of fact which appear in the record, he found that the defendants do not have, and have not had since long prior to the institution of the suit, any right, title, interest, control, or possession of said land or highway or any part thereof, that the highway commission of Texas is not a party to this suit, and that no other person, corporation, or body has any right, title, or interest in and to the subject-matter of the suit.

The trial court concludes as a matter of law, and by reason of the evidence and facts, that there is a misjoinder of parties, that such misjoinder was properly presented by defendants' plea in abatement, and that such plea should be sustained.

Judgment was rendered sustaining the plea, and the suit was abated and dismissed, from which judgment the plaintiff, hereinafter

called appellant, by writ of error prosecutes this appeal.

The appellant challenges as error the action of the trial court in sustaining the appellees' plea in abatement for nonjoinder of parties and dismissing the suit.

It is manifest that the statement in the court's conclusions of law that there is a misjoinder of parties was intended to be a nonjoinder of parties, as misjoinder is not pleaded and not presented in the record.

The appellees state in their brief that the suit was one in trespass to try title and recover the lands described in appellant's petition, that the defendants disclaimed all claim of possession, rights, or control in their plea in abatement, and that from the facts it is evident that the land, at the time of the institution of the suit by plaintiff, was in possession of the state of Texas, and claim of ownership could be made only by the state and no judgment could finally dispose of the issues of fact as to the legality or illegality of the state's right without joining it as a party defendant.

 The court, upon the testimony, having found as a fact, which finding is not challenged by either party, that the appellees had no right, title, or interest in and to the land in controversy, and were not in possession thereof, is a finding in favor of the disclaimer filed by appellees, and the suit being one in trespass to try title, the appellant was entitled, as against the appellees, to judgment for the land, and the appellees were entitled to a judgment for their costs.

"Upon the filing of the disclaimer by Katy Williams, the court should have given judgment in favor of plaintiff against her for the land, and, unless she was shown to have been in possession at the time the suit was brought. She should have had judgment for her costs. Wootters v. Hall, 67 Tex. 513, 3 S. W. 725. It does not appear that Katy Williams was in possession of the land sued for, and judgment should be here rendered in favor of plaintiff for the land, and in favor of Katy Williams for her costs, and cost of appeal." Johnson et al. v. Schumacher et al., 72 Tex. 334, 12 S. W. 207, 208.

"If appellant has cause of action, it is not against appellee, who, from his own averments, neither asserts claim nor right to the land of which he alleges he is the owner; and a judgment against him could not in any manner affect the right of the state." Tate v. Wyatt, 77 Tex. 492, 14 S. W. 25, 26.

"A disclaimer is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on part of the defendant. Herring v. Swain, 84 Tex. 523, 19 S. W. 774. The judgment of the court should have been for the plaintiff for all of the land sued for as to which the defendant disclaimed; and

the failure to render such judgment constitutes fundamental error." Snyder v. Compton (Tex. Civ. App.) 29 S. W. 73.

"A disclaimer, as it is known in equity pleading, is not deemed an answer (Story, Eq. Pl. § 838 et seq.), and it is certainly not a defensive plea. It is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on part of the defendant. If, therefore, a defendant in the action of trespass to try title should plead not guilty, and at the same time should file a disclaimer as to the entire tract of land sued for by the plaintiff, it would seem that the plea should be disregarded, and that the plaintiff should have judgment for the land, unless damages were claimed, in which case it would put him upon proof of the trespass only." Herring v. Swain, 84 Tex. 523, 19 S. W. 774. See, also, Taylor et al. v. Higgins Oil & Fuel Co. et al. (Tex. Civ. App.) 2 S.W.(2d) 288.

 The appellees, by their disclaimer having admitted upon the record plaintiff's rights and denied any assertion of title on their part, were not in a position to urge a nonjoinder of parties and require that appellant make the state highway commission a party. The appellant, under the disclaimer, was not required to offer evidence of his title. Hildebrandt v. Hoffman (Tex. Civ. App.) 113 S. W. 785. If the state highway commission should have been made a party, appellees cannot complain, as the only disadvantage of such course would fall on the appellant, as he may be under the necessity of litigating a second time his rights with the state highway commission. Levi Thomas v. Alf Quarles et al., 64 Tex. 491; Stewart v. Kemp, 54 Tex. 249.

The judgment is reversed, and the cause remanded.

HALL, C. J., not sitting.