Opinion delivered March 12, 1887.

No. 2306.

## A. T. BROWN *v.* THE STATE.

1. CONTINUANCE—NEW TRIAL.—A continuance on account of absent witnesses was refused by the trial court, and the refusal is assigned for error. But it appears that one of them appeared and testified at the trial; that the testimony expected from another was fully supplied at the trial, and its truth not disputed; and that the remainder of the expected testimony was immaterial. *Held,* no error in the refusal of the continuance.

2. VENUE.—EMBEZZLEMENT, like theft, may be prosecuted in any county through or into which the property was transported by the accused, and the fact of transportation may, like any other fact, be proved by circumstantial evidence. See the opinion for circumstantial evidence *held* sufficient to prove the venue in the county of the forum, which was a different county from that wherein he received the embezzled money.

3. "PROPERTY," as defined in Article 732, Penal Code, includes any and every article commonly known and designated as personal property, and money certainly is commonly so known and designated. Money, therefore, is "property" within the meaning of Article 219 of the Code of Procedure, by which the venue of prosecutions for embezzlement is regulated.

4. VENUE—CASE STATED.—Appellant's principal lived in B. county, and was engaged in the business of selling and putting up lightning rods any where in Texas. He there employed appellant as a traveling agent to

sell and put up rods, furnishing him the rods and outfit. Appellant sold and put up rods in R. county, and there received the money for the same. Thence he returned to B. county, where, in a settlement with his employer, he denied that he had received the money, and thus his employer first discovered that he had embezzled it. *Held* that, at common law and without reference to our code, the proper court of B. county had jurisdiction of the offense, inasmuch as the code, if it does not provide for such jurisdiction, does not exclude it.

APPEAL from the District Court of Bosque county. Tried below before the Hon. J. M. Hall.

The conviction in this case was for the embezzlement of sixty-two dollars in money, the property of S. E. Moss, in Bosque county, Texas, on the twenty-first day of December, 1886. A term of two years in the penitentiary was the penalty assessed against the appellant.

S. E. Moss was the first witness for the State. He testified that he lived in Bosque county, Texas, and was engaged in the business of selling the "copper-covered lightning rod," the exclusive right to sell in the State of Texas belonging to him. Witness employed defendant as salesman in Bosque county, Texas, on the twenty-ninth day of September, 1886. Witness was to furnish rods, wagon, team, ladder man, and pay all expenses, and pay defendant a salary of seventy-five dollars per month. Defendant was to travel and sell, receive notes and moneys for witness, make weekly reports to him, and, upon the disposition of each thousand feet of material, was to make a full report and account then for all notes and cash received. Some time in October or November, 1886, witness received a letter from defendant at Calvert. Not being satisfied with defendant's management, witness went to Calvert. He, however, gave defendant another chance, instructing him positively to keep in the country and out of towns. Witness ordered defendant in on December 22. He got in on the twenty-fifth. A settlement was attempted on the twenty-sixth. Witness rejected defendant's first statement, with the remark that it was rotten. Defendant made out another statement, showing witness to be in his debt about six dollars, on which they settled. He reported no cash taken in, and said that he had taken in no cash for work done. He then claimed that the amount due him by witness would not take him to his home in Sherman. Witness then gave him a twenty dollar bill, and took his due bill for thirteen

dollars, the difference.    He reported no work done for F. P. Coleman.    He came in by rail, leaving the ladder man to bring in the rod wagon.    He settled and left before the ladder man got in.

Cross examined, the witness denied that he was to pay defendant eighty-five dollars per month.    He docked defendant for about three weeks time lost by him, but not for the expense of the team and ladder man during that time.    He docked him also for the amount of his fine for not paying his occupation tax. Witness at the very first gave him money to pay his occupation tax, and directed him to do it at once.    Defendant's rod account balanced.    He declared himself satisfied with the settlement.

Mr. Lewis, bookkeeper for S. E. Moss, testified, for the State, that he was present when Moss and defendant settled, on December 26, 1886, and heard defendant deny that he had received any money during his trip, and witness knew that the defendant turned over no money.

F. P. Coleman testified, for the State, that some time during the fall of 1886 he met defendant in Calvert, Texas.    Defendant was then selling lightning rods for S. E. Moss.    On December 16, defendant put up some rods on witness's house, and witness executed his note for the amount, sixty-two dollars, payable to S. E. Moss.    On the twenty-first day of December, witness paid the full amount of that note to defendant, and took his receipt, which receipt at this point was read in evidence.

Gus Barnett testified, for the State, that he was ladder man for defendant from September 29 until December 25, 1886, and as such helped defendant rod Coleman's house, in Calvert, on the sixteenth day of December.    On the twenty-second day of December, in Calvert, witness saw the defendant with a roll of greenbacks, the outer bill being twenty dollars.    He also had some silver.    He paid the expenses in silver, and did not break the currency up to the time he left Temple for Morgan, in Bosque county, in response to Moss's telegram calling him in.    Moss's order calling him in telegraphed him five dollars, of which he gave witness three dollars on which to take the rod wagon in.

The motion for new trial raised the question discussed in the opinion.

*O. L. Lockett*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   It was not error to overrule the exceptions to the indictment.   Said indictment contains all the allegations essential in charging the offense of embezzlement by an agent. (Willson's Cr. Forms, 507–509, and authorities there cited.)

There was no error committed in overruling defendant's application for a continuance.   One of the absent witnesses named in said application appeared and testified on the trial.   The facts expected to be proved by the witnesses Abram and Kennedy were wholly immaterial.   As to the facts expected to be proved by the witness Brown, they were proved by the State's witness Moss, and were not disputed.

It is ingeniously and earnestly contended by counsel for defendant that the *venue* of the offense is not shown to be in Bosque county.   It is shown by the evidence that the money charged to have been embezzled by defendant was received by him in Robertson county on the twenty-first of December, 1886. On the next day a witness saw him with a roll of paper money in Calvert, Robertson county.   The money which defendant had received was paper money to the amount of $60.00, and silver money to the amount of $2.00.   The witness Bennett, who saw defendant with a roll of paper money, traveled and remained with him until the afternoon of the twenty-fifth of said December, when defendant got on the train at Temple to go to Morgan in Bosque county.   This witness is quite positive that up to the time defendant took the train at Temple he had not disposed of any of the paper money.   Defendant arrived at Morgan on the said twenty-fifth of December, and on the morning of the next day had a settlement with Moss, his principal, and positively denied to Moss that he had collected any money for him from any one.   It was stipulated in the contract of his employment as the agent of Moss that he should account to Moss, at Morgan, Bosque county, for all notes and money received by him by virtue of his said agency.

Do these facts sufficiently establish the venue of the offense in Bosque, the county of the prosecution?   We are of the opinion they do.   Article 219 of the Code of Criminal Procedure provides as follows: "The offense of embezzlement may be prosecuted in any county in which the offender may have taken or received the property, or through or into which he may have undertaken to transport it."   It is contended by counsel for defendant that the word "property," used in the above article, does not mean *money* when considered with reference to the

statute defining embezzlement. We can not agree to this view of the law. The word "property" is declared to include any and every article commonly known and designated as personal property. (Penal Code, art. 789.) *Money* certainly is commonly known and designated as personal property. This is also its legal definition when used in relation to the crime of theft, a crime to which the crime of embezzlement is closely allied. (Penal Code, art. 732.) We are of the opinion that the transportation of *money* through or into a county has the same effect with reference to the venue of the offense that the transportation of any other personal property would have. If, then, in this case, the defendant undertook to and did transport the money into Bosque county, the prosecution was properly maintained in that county. (Cole v. The State, 16 Texas Ct. App., 461; Reed v. The State, Id., 586; Cohen v. The State, 20 Texas Ct. App., 224.) We think the evidence sufficiently shows that defendant undertook to carry, and did carry the money into Bosque county. Venue, like any other matter, may be proved by circumstantial evidence.

If, however, there should be error in this view of the question, there is another view of it which, in our opinion, fixes the venue beyond any doubt in Bosque county. It was in Bosque county that it first appeared that the defendant had embezzled the money. He there denied that he had received it. He may not have conceived the fraudulent intent of appropriating it to his own use until the very moment when he denied having received it. At common law, and without reference to our statute, these facts gave jurisdiction to Bosque county, and our statute, while it does not embrace, does not exclude, jurisdiction in such case. (2 Russell on Crimes, 9 Am. ed., 470, 471; 1 Bish. Crim. Prac., secs. 41, 61, and note; 2 Bish. Crim. Prac., sec. 326.)

We have carefully considered other supposed errors complained of by counsel for defendant, but in our opinion there is no material error shown in the record, and the questions presented which we do not discuss are of no general importance. The judgment is affirmed.

*Affirmed.*