## J. T. Smithers v. T. Smith et al.

Decided April 16, 1904.

**1.—Reconvention in Trespass to Try Title—Affirmative Relief—Nonsuit.**

Plaintiff sued in trespass to try title to recover surveys 91 and 27, described by metes and bounds, the trouble growing out of a conflict of these surveys with surveys 90 and 28, claimed by defendants, who reconvened in the suit, asserting title to the latter surveys, described by metes and bounds different from those of plaintiff's surveys, and that plaintiff's claim was a cloud on their title, with prayer for affirmative relief. Plaintiff having taken a nonsuit, the case was tried, over his objections, on the cross-pleas of the defendants. Held, that defendants were entitled under their pleadings to the relief asked, and that such relief could not have been had under their defensive pleadings to plaintiff's suit.

**2.—Same—Citation on Cross-Plea—Appearance—Waiver.**

Plaintiff having appeared and answered in the trial of the cross-action by defendants, it did not affect the jurisdiction of the court to render judgment that he was not served with citation on the filing of the cross-pleas.

**3.—Same—Removal of Cause to Federal Court.**

Plaintiff, a nonresident, having brought his action in a State court, thereby submitted himself to its jurisdiction to its whole extent, as determined by the State statutes, and did not, by reason of defendants' pleas in reconvention, become a defendant so as to be entitled to remove the cause to a Federal court. Following Waco Hardware Co. v. Michigan Stove Co., 91 Fed. Rep., 289.

Appeal from the District Court of Floyd. Tried below before Hon. J. A. P. Dickson.

*Matlock, Miller & Dycus,* for appellant.

*Wilson & Kinder* and *Hunter & Flood,* for appellees.

SPEER, Associate Justice.—J. T. Smithers, a resident of the State of New York, sued a number of defendants, among whom were appellees Smith and Greer, in trespass to try title to recover certain surveys of land numbers 91 and 27, in Floyd County. The defendants Smith and Greer answered by general denial, plea of not guilty, and by special answer hereafter to be noticed. After said answers were filed the appellant, Smithers, dismissed his suit against each and all of the defendants at his own cost, and on the same day the court made an order sustaining his motion to dismiss, but holding the cause over for trial on appellees' cross-action interposed by the special answer referred to. On the same day, and after the dismissal of his cause of action, appellant filed his petition for the removal of the cause of action asserted by appellees against him to the Circuit Court of the United States for the Northern District of Texas, tendering at the time a proper bond. On the next day the court made an order denying the motion of appellant to remove the cause to the Federal Court. On the day the last mentioned order was made the following judgment was rendered in the case: "Be it remembered that on this day this cause came on to be heard by the court, and the plaintiff appeared by counsel, and the defendants, T. Smith and S. A. Greer, having answered separately, appeared by their

counsel, as well as in person, and the plaintiff J. T. Smithers, having taken a nonsuit, said cause was held over for trial upon the plea in reconvention filed by each of the defendants, wherein they allege title to the land, and pray that they be quieted in their title, and that the cloud be removed from their title to said lands. Whereupon said cause came on to be heard by the court, and the defendants appearing by counsel and in their own person, and the plaintiff having filed no answer in said cause, the court is of the opinion that the defendants should recover of and from the plaintiff the lands as set out in their pleas. That is, the defendant T. Smith should have and recover of and from the plaintiff, J. T. Smithers, the premises described and bounded as follows: The following described survey of land, situated in Floyd County, Texas, known as survey No. 28, block G., located by virtue of certificate No. 30-371, originally granted to the T. & N. O. Ry. Co.; and more fully described as beginning at a stake in earth mound, marked by 4 pits, 1900.8 vrs. east of a stone set in ground, marked by 2 pits, about 25 vrs. N. W. of Sand Hill schoolhouse, established by H. C. Knight, surveyor of Crosby land district, for N. W. corner of survey No. 29, same block, the same being the S. W. corner of section No. 30, same block, for the N. W. corner of this survey. Thence east 1872 vrs. to stake and mound, marked by 4 pits, in south line of section No. 31, same block, for N. E. corner of this survey. Thence south 1900.8 vrs. to a stone in ground for S. E. corner of this survey. Thence west 1872 vrs. to a stone on north bank of Running Water Draw, for S. E. corner of survey No. 29, same block, and S. W. corner of this survey. Thence north 1900.8 vrs. to the place of beginning, containing 600 acres of land. It is further ordered, adjudged and decreed by the court that the said T. Smith be quieted in his title to said land, and the cloud be removed therefrom, and that he may have his writ of possession. It is further ordered, adjudged and decreed by the court that the defendant S. A. Greer do have and recover of and from the plaintiff, J. T. Smithers, the premises described as follows: Described as survey No. 90, block G., located by virtue of certificate No. 733, originally granted to the T. T. Ry. Co., and situated in Floyd County, Texas, and more fully described as beginning at a stone on north bank of Running Water Draw, for the N. W. corner of this survey, the said corner being 1900.8 vrs. east and 1900.8 vrs. south of a stone set in ground, marked by 2 pits, about 25 vrs. N. W. of Sand Hill schoolhouse, established by H. C. Knight, surveyor of Crosby land district, for N. W. corner of survey No. 29, same block. Thence east 1872 vrs. to a stone set for the S. E. corner a 600-acre survey made for T. Smith, out of section 28, same block, for N. E. corner of this survey. Thence south 1900.8 vrs. to a stone on south side of Running Water Draw, for S. E. of this survey. Thence west 1872 vrs. to a stone set for S. W. corner of this survey. Thence north 1900.8 vrs. to the place of beginning, containing 600 acres of land. It is further ordered, adjudged and decreed by the court that said defendant S. A. Greer be quieted in his title to said land as above described, and that the cloud

be removed from his title to the same, and that he have his writ of possession. It is ordered, adjudged and decreed by the court that the defendants, T. Smith and S. A. Greer, do have and recover of and from the said plaintiff, J. T. Smithers, all the costs in this behalf expended, for which let execution issue."

The special answers of appellees, while separately made, were substantially the same, and were as follows: "And the defendant T. Smith, for further answer in this behalf, comes now by his attorneys, and by way of cross-action says: That on the first day of January, 1900, he was lawfully seized and possessed of the tract of land hereinafter described, holding the same in fee simple, said land being situate in Floyd County, Texas. That on the day and year last aforesaid, plaintiff unlawfully entered upon said premises and ejected the defendant therefrom, and unlawfully withholds from the defendant the possession thereof, to his damage $450. That the premises so entered upon and unlawfully withheld from the defendant are described as follows: School section No. 28, in block G, issued to the T. & N. O. R. R. Co., containing 640 acres of land. Plaintiff has taken possession of said land, and now holds and claims the same by virtue of a superior title thereto, claiming their title by a supposed conflict in the tract of land as described in their petition, with the land as hereinbefore described and owned by the defendant, and have in various ways and on divers occasions attempted to slander and cast a cloud on defendant's title to said land, as hereinbefore described, and the plaintiffs are claiming and holding out a superior title thereto. Wherefore defendant T. Smith prays that the cloud be removed from his title, and that he be quieted in the possession thereto, and that upon final trial he have judgment for the restitution and possession of the above described premises, and for his damages and costs of suit." In appellee Greer's answer he asserted title to school section No. 90 in the same manner that appellee Smith asserted title to survey No. 28, this being the principal difference between the answers of the two appellees.

We think these answers constituted an affirmative demand for relief against appellant; relief, too, which could not have been given appellees under their defensive pleading to the appellant's suit, since it will be seen that appellant's suit put in controversy the title to sections 27 and 91, whereas, in the answers quoted, sections 90 and 28 are in controversy,—apparently other and different lands. The principle announced in Hoodless v. Winter, 80 Texas, 638, therefore has no application in this instance. The pleas of appellees appear to be sufficient as affirmative pleas to support an action of trespass to try title.

Appellant's fourth assignment, however, presents error, but one which does not necessarily require the reversal of the case, since the error can be cured here by a reformation of the judgment. The assignment under consideration calls in question the sufficiency of appellees' pleading to support the judgment rendered by the court in their favor. It is of course elementary that the judgment must correspond with the pleadings

in the case, and that the court has no authority to consider and render judgment upon an issue not made by the pleadings. In this case, in the light of the allegations of appellees' special pleas, the real issue between them and appellant was the title to, and right of possession of, sections 90 and 28. This issue appellant did not see fit to controvert. By his failure to answer he admits appellees' right to recover the title and possession of the lands described as against him. There is no issue made in the pleadings, nor could there be upon the trial of the case, of the location of these lands upon the ground; this was not thought to be material at the time appellees tendered the issues to appellant, or at least was not pleaded by them. The court therefore had no authority to render judgment upon an issue not made by the pleadings. Roche v. Lovell, 74 Texas, 191; Stephens v. Motl, 81 Texas, 121; Warren v. Fredericks, 83 Texas, 385; Converse v. Langshaw, 81 Texas, 276; Hamilton v. Battle, Dallam, 575; Schmidt v. Mackey, 31 Texas, 662; Stephenson v. Bassett, 51 Texas, 544; Mims v. Mitchell, 1 Texas, 454; Menard v. Sydnor, 29 Texas, 260; Black on Judg., sec. 242. The judgment will therefore be reformed so as to correspond with the allegations of appellees' special answers, and as thus reformed will be affirmed.

We, of course, in affirming the judgment, rule against appellant upon his contention that he should have been cited to appear and answer appellees' cross-pleas. While under the rule as announced in Harris v. Schlinke, 95 Texas, 98, judgment could not have been rendered against him without showing either that he had been served by citation or made an appearance in the case, yet we think the recitations of the judgment sufficient to show that appellant actually appeared in such way as to waive the issuance of such notice, and to submit himself to the jurisdiction of the district court. The object of a citation is to give notice of the pendency of the suit; this purpose is fully subserved when a defendant enters his appearance in the case. The service of a citation is not then an essential to the court's power to render judgment.

It of course also follows that we are of opinion the trial court committed no error in refusing the application for the removal of this case to the Circuit Court of the United States for the Northern District of Texas. See Waco Hardware Co. v. Michigan Stove Co., 91 Fed. Rep., 289; West v. Aurora City, 6 Wall., 139; La Montague v. Harvey Lumber Co., 44 Fed. Rep., 645.

*Reformed and affirmed.*

Application for writ of error dismissed for want of jurisdiction.