## BROWN v. BROWN. (No. 1338.)

(Court of Civil Appeals of Texas. Beaumont. March 1, 1926. Rehearing Denied March 10, 1926.)

1. **Appeal and error ⟨key⟩1001(1).**

Finding of jury supported by evidence will be sustained.

2. **Trespass to try title ⟨key⟩34—In trespass to try title, court is compelled to render judgment for plaintiff for property in which defendant disclaims interest.**

In trespass to try title, where defendant disclaims any title or interest in a part of the property claimed by plaintiff, court is compelled to render judgment for such property in favor of plaintiff.

3. **Trespass to try title ⟨key⟩41(1)—Finding that property, when purchased, was community and remained so held to require judgment in favor of former wife in trespass to try title against husband.**

In trespass to try title by former wife against husband, finding of jury, supported by evidence, that property was community, when purchased, and remained so, *held* to require judgment in favor of plaintiff for undivided interest.

4. **Homestead ⟨key⟩115(2).**

Deed absolute on face, but in reality mortgage on property occupied by man and wife as homestead, is void.

5. **Appeal and error ⟨key⟩1047(3)—In trespass to try title, striking deed to defendant from one who had no title held not prejudicial error.**

In trespass to try title, where defendant admittedly owned one-half interest in lot, there was no prejudicial error in striking deed to defendant from one claiming under void deed, which was in fact a mortgage on homestead.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Mary L. Brown against Noah Brown. Judgment for plaintiff, and defendant appeals. Affirmed.

Howth, Adams & Hart, and O'Fiel, Weidemann & Reagan, all of Beaumont, for appellant.

F. M. Sheffield, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellee, Mary L. Brown, filed this suit in one of the district courts of Jefferson county against the appellant, Noah Brown, in trespass to try title to recover the title and possession of lots 1 and 2 in block 4, and lots 24 and 25 in block 2, of the West End addition to the city of Beaumont. Appellant answered by general denial and plea of not guilty, and then specially answered by disclaimer as to lot 1 in block 4, and also by disclaimer as to one-half undivided interest in lots 24 and 25 in block 2 of the West End addition to the city of Beaumont —all described in appellee's petition.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

After the parties announced ready for trial, a written agreement was entered into and filed in the cause, in which the parties admitted that the title to lot No. 1 in block No. 4 and a one-half undivided interest in lots Nos. 24 and 25 in block 2 of the West End addition to the city of Beaumont sued for by the appellee was in the appellee, and, further, that the title to a one-half undivided interest in lots Nos. 24 and 25 in block No. 2 of the West End addition to the city of Beaumont was in appellant, Noah Brown. Therefore, by appellant's disclaimer, as contained in his answer, and by the agreement of the parties in open court, the appellee, as plaintiff below, was entitled to recover judgment, as she did, for the title and possession of lot No. 1, in block No. 4, as well as the title and possession to a one-half undivided interest in lots Nos. 24 and 25 in block No. 2 of the West End addition to the city of Beaumont, and this left in controversy between the parties only lot No. 2 in block No. 4, described in appellee's petition.

[1] The case was tried with a jury, and was submitted upon special issues, and, in answer to one of the special issues, the jury found that lot No. 2 above mentioned was purchased by appellant and appellee with community funds at a time when they were man and wife, and, therefore, lot No. 2 became their community property at the time of its purchase. The jury's finding on this issue is abundantly supported by the evidence, and must therefore be sustained. The trial court, upon this finding of the jury, also adjudged and decreed that the appellee recover of appellant a one-half undivided interest in said lot No. 2. It is from this judgment as a whole that the appeal is prosecuted.

[2, 3] We shall not discuss any of appellant's assignments or propositions separately. It will suffice to say that all of his assignments and propositions attacking the verdict and judgment, in so far as it awards to appellee title and possession of lot No. 1 and a one-half undivided interest in lots Nos. 24 and 25 of the West End addition, must be overruled, because appellant expressly disclaimed in his answer any right, title, or interest in or to any portion of that much of the property sued for by appellee, and the court was compelled to render judgment therefor in her favor, as he did. And, the jury having found upon sufficient evidence that lot No. 2 sued for by appellee was community property of the parties at the time it was purchased, and remained such, it was the duty of the court to render judgment in appellee's favor for a one-half undivided interest in that lot also, as was done.

[4, 5] There is nothing in appellant's contention that as to said lot No. 2 an outstanding title was shown by the evidence to be in one Jim Brown, for the reason that the undisputed evidence shows that the deed executed by appellant and appellee to said Jim Brown, although in form a deed of conveyance, was, in fact, only a mortgage; and, the undisputed evidence further showing that at the time such mortgage was executed the property was the homestead of appellant and appellee as man and wife, the mortgage was absolutely void, and no title ever passed out of appellant and appellee into Jim Brown by that purported deed; and, since only an undivided one-half interest in said lot No. 2 was awarded by the judgment to appellee, leaving the other one-half interest in that lot in appellant, there was no prejudicial error, if any at all, in the action of the trial court in striking the deed from Jim Brown to appellant, Noah Brown, purporting to convey to the latter said lot No. 2.

No useful purpose would be served by any further discussion of this case. The judgment was correct, and must be affirmed, and it has been so ordered.