## G. T. Gardner v. The State.

No. 12819.   Delivered February 26, 1930.
'Rehearing denied April 2, 1930.
Second motion for rehearing denied April 16, 1930.
Reported in 26 S. W. (2d) 639.

The opinion states the case.

*Lewis M. Seay* of Groesbeck, *N. T. Stubbs* of Johnson City, and *Frank C. Bolton* of Mexia, for appellant.

*Sam McCorkle* of Mexia, District Attorney, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, forgery of a land title; penalty, seven years in the penitentiary.

This is a companion case to that of E. F. Owen v. State, No. 12632, this day affirmed. The issues of law and fact in the two cases are practically identical. What is said in the opinion this day handed down in the Owen case, supra, disposes also of the instant case.

The alleged errors of the Court in refusing a continuance and in refusing to instruct the jury to not consider certain improper questions of the District Attorney appear as questions in addition to those discussed in the Owens case, supra. Both these have been examined and are believed to be without merit, and their importance does not seem to justify discussion.

State's motion for rehearing is granted and the former opinion reversing this case is withdrawn.

Judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is urged that in overruling Bill of Exception No. 12 in which complaint is made of the reception in evidence of the deed to W. S. Potter, that no sufficient predicate was laid for the introduction of a certified copy of the deed. In the bill it is recited that notice of the filing of such instrument among the papers was delivered to the appellant more than three days before the trial and that the deed was filed among the papers in the case more than three days before the trial. In the bill it is also recited that the notice mentioned was delivered by an officer but was not such a writ as an officer was authorized to

serve.  It was further stated that after filing the deed mentioned with the clerk of the district court, it was withdrawn on the same day and had not been back in possession of the clerk since that date. Art. 3726, Rev. Civ. Stat., 1925, controls the matter and provides that such an instrument shall be filed among the papers in the suit at least three days before the trial and that notice thereof shall be given to the opposite party or to his attorney of record.  Nothing in the statute nor elsewhere of which we are aware requires that the notice be in the form of a writ to be served by an officer; nor is the recital in the bill that after filing it was withdrawn and had not since been in possession of the clerk, deemed sufficient to show that in receiving the deed in evidence the court did so without sufficient predicate.  The instrument, when placed with the clerk, was a filed paper and a part of the papers in the case.  So far as the record discloses, it may have continued among the papers in the case or it may have been in the possession of either the appellant or his attorney or the attorney for the State.  At all events, it being a filed paper and the appellant having notice that it was filed, this court, in the face of the statute and in the absence of precedents supporting the contention, would not be justified in holding that the deed was not admissible in evidence upon the facts adduced in the bill.  It would seem that if the deed was not in the possession of the appellant's attorney, a request of the clerk to produce it would have met with response, or if such request was made and the deed was not produced, it would be necessary to give more cogent reason for its exclusion than the facts stated in the bill.  So far as shown by the bill, there is a literal compliance with the statute in laying the predicate for the introduction of the deed.  The importance of the evidence is not perceived inasmuch as it appears from the record that the appellant claimed title to the land in question through W. S. Potter.

In his application for a continuance it appears that the appellant, G. T. Gardner, E. F. Owen and J. H. Byers were each under indictment for the same offense; that by reason of the indictment, the testimony of Owen and Byers was not available to the appellant The continuance was sought because of the absence of the wife of J. H. Byers by whom the appellant expected to prove that the deed from W. S. Potter to E. F. Owen, bearing date the 25th of April, 1924, was seen by the witness in the possession of Owen about April 24th, and that it had remained in the possession of Owen until about June 26, 1928, when it was delivered to J. H. Byers,

since which time the witness had not seen it. The witness was under process. In the motion there is an averment that she was indisposed to a degree that rendered her incapable of attending court and giving testimony. The court caused the issuance of an attachment for the witness and she was present in court. The bill recites that:

"She was, however, under an attachment issued by the court, brought by the sheriff to court but after being interrogated by the defendant's counsel, stated that she was laboring under such nervous strain that she was unable to take the stand and testify, was then under a nerve sedative, but at the requirement of the sheriff got out of her bed and came to court."

The trial took place on the 8th day of April, 1929. The motion for new trial was overruled on the 19th day of that month. That there is possessed by the trial court the discretionary authority to refuse to grant a motion for a continuance is fundamental in the practice of this state. See Art. 542, C. C. P., and collation of precedents in Vernon's Ann. C. C. P., 1925, Vol. 1, p. 456, subd. 33. The discretion is not one to be arbitrarily exercised. Neither is the continuance a matter of right. Thomas v. State, 80 Tex. Cr. R. 216; Keel v. State, 84 Tex. Cr. R. 43. The presumption is against the abuse of discretion. Morse v. State, 85 Tex. Cr. R. 83; Brown v. State, 85 Tex. Cr. R. 618; Russell v. State, 88 Tex. Cr. R. 582. It is said by Mr. Branch in his Ann. Tex. P. C., Sec. 326, citing many authorities including those listed below, that:

"The arrival of the absent witness during the trial and before the argument of counsel is closed eliminates any error in overruling an application for continuance sought to procure the testimony of such witness. (Hackett v. State, 13 Tex. Cr. App. 412; Brown v. State, 23 Tex. Cr. App. 217, 4 S. W. 588; Wood v. State, 28 Tex. Cr. App. 63.) "

The refusal to grant an application for a continuance is a matter to be taken into account in passing upon a motion for new trial. In the present record, the witness was present under process and was interviewed by appellant's counsel. They concluded from the interview that she was not in a condition to testify. There is nothing in the bill to indicate that any doctor was called to advise the court upon the subject or that the trial judge interviewed the witness or was given an opportunity to do so. Upon the hearing of the motion for new trial, which was some ten or eleven days after the application for a continuance, the witness was not present to verify the averment in the application; nor was there affidavit presented. As

it comes before this court, therefore, a condition is revealed in which a witness was present in court and after interviewed by counsel for the appellant, was not offered as a witness. As to her condition at the time of the hearing of the motion for new trial the record is silent. The trial court was intimately acquainted with the transaction as it took place both at the time of the trial and the overruling of the motion. This court knows nothing concerning the matter save that which it finds in the written record. If it be conceded that there be circumstances under which there might be shown an abuse of discretion in the refusal of a continuance even though the witness appeared, we are clearly of the opinion that such is not the present case, and that this court would not be authorized either by statute or by the precedents to declare that the trial judge was in error in overruling the application for a continuance or the motion for new trial based thereon.

The motion for rehearing is overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—As the record is understood, counsel for the appellant is mistaken in his conclusion that bill of exception number eleven shows that no notice was given the accused of the filing of the sheriff's deed to W. S. Potter. The district attorney testified that the appellant Gardner had been served with notice that the certified copy of the deed from O. B. Hale, the sheriff, to W. S. Potter would be used on the trial. He testified further:

"I mailed it to Tom Gardner, addressed to him at Mexia, Texas; and I filed a copy of the notice with the District Clerk. * * * I have examined the papers in this case of the State of Texas v. G. T. Gardner. I looked among the papers in this case for a copy of that notice and it was not with the papers."

The witness then testified that on the 30th day of March he filed with the clerk of the District Court of the 77th Judicial District, in the case of the State of Texas v. G. T. Gardner a writing addressed to the said G. T. Gardner, reading in part as follows:

"You are hereby notified that we have this day filed among the papers in the above entitled and number cause, in said court, a certified copy of certain deed and transfers of vendors lien notes as follows:

"Deed from Burt J. Kaull et al., by Sheriff to Wm. S. Potter, dated August 1, 1922, and recorded in Book 104, page 348, of the Deed Records of Houston County, Texas."

In the testimony of the appellant (whom we understand is identical with Tom Gardner), we fail to perceive any denial that he received the notice to which reference is made above.

From bill of exception number eleven it appears that McCorkle in endeavoring to lay the predicate for the introduction of the deed showing title to W. S. Potter, identified a notice in the companion case of State v. Byers, which notice appears identical in its description of the instrument named therein with that hereinabove described. The bill shows that the court overruled the objection to the identification of the notice mentioned and that it was offered in evidence, but fails to show that it ever went to the jury, and nowhere in the bill have we perceived any statement that the notice to Gardner, as shown by the statement of facts, was not in fact mailed to him as declared by McCorkle in his testimony. We are unable to perceive the relevancy of the copy of the notice in the Byers' case; neither are we able to discern in what sense it could have been prejudicial to the accused in view of the testimony of McCorkle, Talley and Mrs. McElroy, as set out in the statement of facts. It may be added that it is shown by the appellant's own testimony and otherwise that he claimed title to the land through a deed purported to have been executed by W. S. Potter. In fact, as to the appellant and his codefendants the common source of title was W. S. Potter. The question in issue was whether the deed from Potter to Owen was executed by Potter or whether it was a forgery. Under it Gardner claimed title from Potter through Owen. If the appellant and his alleged confederates forged the deed from Potter to Owen under which they claimed the land in question, it would seem not essential to their guilt to show that Potter had a deed to the land. If the deed from him was forged, it was manifestly an effort to deprive him of such title as he possessed, whether he claimed by inheritance, by limitation or by pre-emption. In other words, a deed to him was not essential.

Request for leave to file second motion for rehearing is denied.

*Denied.*