## FARMER v. KAY BROS.
### No. 3041.

Court of Civil Appeals of Texas. El Paso.
June 14, 1934.

Rehearing Denied July 19, 1934.

J. H. Randell, of Denison, for appellant.

J. F. Whisenant and R. L. Thompson, both of Stephenville, for appellees.

HIGGINS, Justice.

E. C. and H. B. Kay, dairymen and partners under the name of Kay Brothers, bought for breeding purposes a Jersey bull from Robert R. Farmer and wife. The sale was made at a stock show in Fort Worth. The animal was sold at auction by the Texas Jersey Cattle Club as agent for the Farmers. Mrs. Farmer had charge of, and the management of, a small herd of Jerseys owned by herself and her husband as community property. The evidence discloses she was the authorized agent of her husband respecting the herd owned by them. She was a member of the Texas Jersey Cattle Club, and authorized said club to sell the bull in question. Under the rules and regulations of the club, the sellers of animals disposed of by the club guaranteed such animals to be breeders. The catalogue and literature of the club advertising this and other animals also contained such guaranty. Kay Brothers brought this suit to recover damages alleging breach of the guaranty stated. Judgment in their favor was rendered against Robert R. Farmer for the damages found by the jury, from which he appeals.

In the condition of the record and briefs it is impracticable to discuss the numerous assignments of error presented by appellant. We are impelled to confine the opinion to a brief statement of our conclusions.

It is asserted the county court was without jurisdiction because various items of damages set up were not recoverable as pointed out in exceptions; that with such unrecoverable items eliminated the amount in controversy is less than $200.

■ The bull was bought for $195, and alleged to be valueless. It was alleged that by reason of his sterility the plaintiffs lost a calf crop which would have been of the value of $325. These two items at least were recoverable and of themselves conferred jurisdiction over the subject-matter regardless of the other items of damages claimed.

The petition was not subject to general demurrer, nor does any reversible error appear in the action of the court in overruling various special exceptions to the petition. Error, if any, in such ruling upon the special exceptions is regarded as harmless.

■■ The overruling of the motion for continuance cannot be reviewed in the absence of a proper bill of exception in the record. The record shows the court's order overruling the motion, but no exception was noted. Even if exception had been noted in the order it would not have supplied the place of a proper bill of exception covering the ruling. Texas & P. Ry. Co. v. Hardin, 62 Tex. 367; Philipowski v. Spencer, 63 Tex. 604; Texas, etc., Ry. Co. v. Mallon, 65 Tex. 115; Waites v. Os-

borne, 66 Tex. 648, 2 S. W. 665. Many other cases so holding are cited in 7 Michie Digest, pp. 101, 102.

Our preliminary statement sufficiently shows the animal was sold by appellant's authorized agent under a guaranty that he was a breeder. The evidence shows it was not, and resulting recoverable damages. For this reason the peremptory charge requested in defendant's favor was properly refused. The assignment complaining of such refusal, as well as other assignments questioning the sufficiency of the evidence, are overruled.

The assignments complaining of rulings upon evidence, the refusal of charges and overruling of exceptions to the court's charge have been duly considered. We regard same as presenting no reversible error and as calling for no detailed discussion.

Affirmed.