## WILLIAMS et al. v. HUMBLE OIL & REFINING CO. et al.

### No. 3921.

Court of Civil Appeals of Texas. El Paso.
March 7, 1940.

Rehearing Denied April 11, 1940.

R. C. Saunders, B. Ray Smith, and Smith & Smith, all of Corpus Christi, for plaintiffs in error.

R. E. Seagler and Felix A. Raymer, both of Houston, and W. B. Moss, of Sinton, for defendants in error.

PRICE, Chief Justice.

This is an action in trespass to try title filed in the District Court of San Patricio County by L. D. Williams and others, all hereinafter called plaintiffs, against Humble Oil & Refining Company and others, hereinafter called defendants. The land involved is about 114.2 acres situated in San Patricio County. The trial pleadings of defendants were their second amended original answers. Defendants Humble Oil & Refining Company and Humble Pipe Line Company filed a joint answer. This answer consisted, as far as is necessary to be noted, of a plea of not guilty, a disclaimer as to all the land described in plaintiff's petition, save 25.61 acres, more or less.

The excepted 25.61 acres is described by metes and bounds. There were likewise various pleas of limitation urged. Defendants Boyd and wife answered not guilty, and disclaimed as to all the land described in plaintiff's petition, except a tract described in the plea and alleged to contain approximately 70 acres; various statutes of limitation were pleaded. Defendants Phelps and wife likewise answered by plea of not guilty, and disclaimed all of the land, save and except as to a tract described in the plea alleged to contain 23.5 acres; various statutes of limitation were urged. The trial was before the court on the 26th day of September, 1938. Judgment was rendered that as to the land described in plaintiffs' petition plaintiffs recover nothing against defendants, and that defendants go hence without day. Plaintiffs perfected a writ of error from the judgment and the case is here for review.

There is no statement of facts in the record and the transcript is the only source of information as to the errors assigned. There are no bills of exceptions in the transcript. However, the judgment entered sets out in some detail the matters transpiring preceding its rendition. In order to clarify this opinion it is necessary, or at least desirable, we think, to set out the recitals therein without regard to whether they properly preserve the grounds of review invoked.

It is recited that on September 19, 1938, on the call of the trial docket, that the case was called for setting; that plaintiffs insisted on setting the trial for September 26, 1938, in accordance with an agreement made at the term preceding; that the cause was so set over the protest of defendants; that on the 26th day of September, 1938, plaintiffs announced ready for trial; the overruling of the application of defendants Boyd and Phelps for continuance; the announcement of ready by the other defendants; the reading of the pleadings; the proceeding with the testimony; that plaintiffs offered in evidence a certified copy of the record of a patent from the State of Texas to Abe Williams to 114 acres of land in San Patricio County; the objection thereto by the defendants on the ground that the proper predicate had not been laid therefor under Article 3726 of the Revised Statutes, Vernon's Ann.Civ.St. art. 3726; then that plaintiffs offered in evidence an affidavit that plaintiffs intended to rely on

certified copies of the following recorded instruments:

"1. Patent, T.T. Williams, L.S. No. 47
2. Patent, T.T. Williams, L.S. No. 48
3. Patent, Caswell R. Clifton, assignee of Wm. Donough (North half)
4. Patent, Caswell R. Clifton, assignee of Wm. Donough (South half)"

Defendants then admitted in open court that they had received such affidavit by United States mail; the sustaining by the court of the objection to the Abe Williams' patent, execution thereof not otherwise being proven; the statement by the plaintiffs that they intended to rely on certain other certified copies of recorded instruments with the same predicate; the statement of defendants that the same objections would be urged; a request by the plaintiffs to the court that in such event the court indicate as to what the ruling would be thereon; a statement by the court that the same ruling would be made; further, that thereupon plaintiffs declined to proceed further and failed to produce other evidence, and the court thereupon rendered judgment for the defendants without the production of evidence by the defendants. Plaintiffs then and there in open court excepted to the rendition of this judgment. It appears from the record of the judgment in the transcript that same was pronounced on the 26th day of September, 1938. The judgment seems to have been entered October 27, 1938.

■ Error is assigned to the trial court's action in sustaining the objection of defendants to the certified copy of the record of the patent from the State to Abe Williams. This assignment, perhaps, cannot be considered because not presented by bill of exceptions, although what transpired in relation thereto is recited in the judgment. Rule 55 seems to prevent its consideration. However, we shall briefly discuss same. From the recital in the judgment as a predicate for the admission of the Abe Williams' patent, plaintiffs showed their affidavit as to their intention to rely on a copy of the record of the patents, as has been heretofore set out. Receipt of copy of this affidavit was conceded by defendants. Now, the patent tendered was to Abe Williams. In the absence of explanation, we do not think notice of intention to rely on patents to T. T. Williams comprehends a patent to Abe Williams. As to the avowal that plaintiffs intended to rely on copies of other instruments with the same character of predicate and the avowal by the court as to the request by plaintiffs as to the future ruling thereon, there is some confusion in the record.

■ Plaintiffs' position in their brief is that the court excluded same because notice by mail was insufficient. Notice was not given in any manner as to the Abe Williams' patent according to the predicate laid. We are inclined to the opinion that three days' notice before trial given by mail would be sufficient. Gardner v. State, 114 Tex.Cr.R. 584, 26 S.W.2d 639. If we had the power to consider these assignments we would overrule same as failing to point out error.

■ Complaint is made of the court's failure to grant defendants' motion for a continuance. The record here again is confusing. The judgment was rendered on the 26th day of September, 1938, and the motion for continuance was filed on the 28th day of September, praying that plaintiffs be allowed to withdraw their announcement of ready and the cause be postponed. This application seems to have been sworn to before the District Clerk of San Patricio County on the 6th day of October, 1938. In our opinion the request to withdraw the announcement of ready and postpone or continue the case is a matter that must be urged in limine, and comes too late after final judgment. The order overruling the application of continuance recites, "On this the 27th day of October, A. D. 1938, and after the above entitled and numbered cause had progressed for some twenty minutes, plaintiffs herein made and presented to the court their first motion for a continuance." The order seems to have been filed and entered on the 27th day of October, 1938.

A motion for a new trial is shown by the record to have been filed on September 28, 1938, and an amended motion was filed October 6, 1938. The amended motion for a new trial was overruled on the 27th day of October, 1938.

In the order overruling the application for continuance it is recited that, "plaintiffs jointly and severally excepted, and were by the court allowed a full bill of exceptions." The motion for continuance filed, as aforesaid, on September 28th, verified on October 6th, sets up surprise as to the ruling of the court in rejecting the evidence, the impossibility of procuring the evidence from any other source; that the production of the evidence was vital to the

prosecution of their cause of action, and asked for postponement of the trial for a week, or such other time as would suit the convenience of the court and the defendants.

There is no bill of exceptions in the record complaining of the action of the court in overruling this motion for a continuance. Even had same been timely presented, in the absence of a bill of exceptions, under the rules, it is beyond our power to consider same, even though exception was made to the order overruling same. Rule 70;. 3 Tex.Jur. p. 589, sect. 412; Farmer v. Kay Bros., Tex.Civ.App., 73 S.W.2d 546.

If plaintiffs were surprised at the court's action in sustaining the objection to the copy of the record of the Abe Williams' patent, several courses were open to them. First, they might have asked leave to withdraw their announcement of ready and filed application for a continuance. If same was refused, preserve by bill of exceptions their objections to the ruling of the trial court. This, we think, would have preserved their right to a review of the question of the refusal of the continuance. If the continuance was refused they might have taken a non-suit; afterwards moved to reinstate, setting up the erroneous ruling of the court as to the evidence, and if this motion were refused appeal from the order overruling same. Benedict v. Chicago, R. I. & P. Ry. Co., Tex.Civ.App., 91 S.W. 811.

Plaintiffs claim there · was fundamental error in the judgment entered, in that it was adjudged that plaintiffs take nothing, when, under the pleadings, there were disclaimers as to parts of the land described in plaintiffs' petition.

The issues on the merits were not developed in the case other than by the pleadings. It is impossible to tell from the record whether this was a boundary suit or otherwise. Plaintiffs failed to make out a case, and unless some other form of judgment was demanded by the pleadings, the ordinary "take nothing judgment" would have been responsive to the issues made by the pleadings. However, the three sets of defendants each filed disclaimers as to the lands described in plaintiffs' petition, other than that described in their respective answers. The problem would be easy had each answer excepted from the description contained in plaintiffs' petition a definite and ascertained portion thereof. The situation here is that an inspection of the description contained in two of the disclaimers at least discloses that they do not on their faces necessarily show that the land described is a portion of the same land described by plaintiffs.

In the case of Herring.v. Swain, 84 Tex. 523, 19 S.W. 774, a somewhat analogous situation arose. Defendant there disclaimed as to all land described in plaintiff's petition, "except the land embraced in and covered by the Charles Lacoste survey." The judgment was for plaintiff, except that portion included in the Lacoste Survey, and further fixed the east line of that survey on the ground. Judge Gaines said in substance that the plea was subject to exception, but the issue was only as to so much of the Lacoste Survey as was in conflict with the land described in plaintiff's petition. In that case the judgment disposed of that issue in favor of defendant, and the judgment for defendant for cost was affirmed. In the case the evidence evidently clarified the issue and made it certain and definite. This is not the case here. The areas described in the answers of defendants may or may not entirely occupy the area described in plaintiffs' petition. The issue here may or may not be one of boundary.

■ If it were shown the land described in the reservations contained in the disclaimers occupied the entire area claimed by plaintiffs there would be much force in the proposition of defendants that the reformation.of the judgment could be of no benefit to plaintiffs. A judgment as to each set of defendants that as to the land reserved in the disclaimers the plaintiffs take nothing and said defendants go hence without day, would certainly protect every legitimate right of the defendants. Such a judgment as to the land they put in issue would certainly forever estop plaintiffs, and would be in effect tantamount to conveyance by such plaintiffs to defendants. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152.

■ It is fundamental that a plaintiff is entitled without the introduction of evidence to a judgment against the defendant for the title and possession as to all land put in issue by plaintiff's petition as to which the defendant disclaims title. Snyder v. Compton, Tex.Civ.App., 29 S.W. 73;. Brown v. Brown, Tex.Civ.App., 280 S.W. 918; Tull v. Wilbarger County, Tex.Civ. App.,.36 S.W.2d 316, 317; Investors Utility Corp. v. Challacombe, Tex.Civ.App., 39'

S.W.2d 175; Young v. City of Lubbock, Tex.Civ.App., 130 S.W.2d 418.

Plaintiffs contend that such a decree would settle nothing. If this contention be sound it does not materially harm them, because, if the land described by defendants is not part of the land described in their petition, plaintiffs' title is forever quieted as to the claims of the defendants.

It is ordered that the judgment of the trial court be reformed as follows:

That as to the land described in plaintiffs' petition, being the same land described in the judgment of the trial court, plaintiffs have and recover of and from the defendants Humble Oil & Refining Company and Humble Pipe Line Company all of the same, save and except the following:

"25.61 acres of land more or less being a portion of the Humble Oil & Refining Company 49.78 acre tract and the Humble Oil & Refining Company 494.87 acre tract out of the Day Land & Cattle Company Survey situated in San Patricio County, Texas, and being more particularly described as follows:

"Beginning at an old 2″ cedar stake in fence corner being the lower southeast corner of the Humble Oil & Refining Company 494.87 acre tract and southwest corner of the Will Boyd 70 acre tract in the north line of the Robert D. Welder tract.

"Thence S. 89° 16′ W. 1034.4 feet with old fence being the lower south line of said 494.87 acre tract and north line of said Welder tract to an old 2″ cedar stake in old fence corner, the southwest corner of said 494.87 acre tract and a corner of the Humble Oil & Refining Company 49.78 acre tract in the north line of said Welder tract; said stake being also in the south line of the Day Land & Cattle Company Survey.

"Thence S. 89° 19′ W. 37.4 feet with fence, north line of said Welder tract, south line of said 49.78 acre tract, and south line of said Day Land & Cattle Company Survey to the southwest corner of said Survey.

"Thence N. 00° 06-1/2′ W. 972.2 feet with the west line of said Day Land & Cattle Company Survey to the northwest corner of same.

"Thence N. 89° 58′ E. 4682.5 feet with the north line of said Survey, at 30.8 feet across the trace of an old fence, the east line of said 49.78 acre tract and the west

line of said 494.87 acre tract, and continuing on with the north line of said survey to a point in a cyclone fence along the northwest line of a public road, said point being also in the lower southeast line of said 494.87 acre tract.

"Thence S. 34° 06′ W. 0.6 feet with lower southeast line of said 494.87 acre tract and said cyclone fence to a corner of said cyclone fence being the northeast corner of the Will Boyd 70 acre tract and a southeast corner of the said 494.87 acre tract.

"Thence S. 89° 14′ W. 3620.0 feet with cyclone fence, the north line of said Boyd tract and a south line of said 494.87 acre tract at approximately 2983 feet pass corner of said cyclone fence and continuing on with said lines and barbed wire fence to a fence corner the northwest corner of said Boyd tract and an inner corner of said 494.87 acre tract.

"Thence S. 0° 41′ E. 913.0 feet with fence, the west line of said Boyd tract and lower east line of said 494.87 acre tract to the place of beginning and containing 25.61 acres of land more or less."

And as to said land last above described the plaintiffs take nothing against said defendants and said defendants go hence without day as to same;

That plaintiffs recover of and from defendants Boyd and wife all of the land described in plaintiffs' petition and in the judgment of the trial court, save and except the following land:

"Part of the T. P. McCampbell Ranch, described as follows:

"Beginning on the southern boundary of said ranch 1032 feet N. 89° 12′ E. from the extreme S. W. Corner of said ranch; Thence North 89° 12′ E. with said southern boundary 2986 feet the NW bdy of Ave. B a rock and fence corn. post at 3016 ft. the corner of said Ave. B; Thence N. 34° 04′ E. with the center line of said Ave. B, 1116 ft. a stake for NE corn. of this survey; Thence S. 89° 12′ W. at 3655 ft. a stake set for the NW corn. of this survey; Thence S. 0° 48′ E. at 914 ft. to the place of beginning containing 70 acres of land comprised of approximately 56 acres out of survey in the name of William McDonough, Abst. No. 184, and approximately 14 acres out of the T. T. Williamson survey, Abst. No. 294; and being the same land conveyed to Will Boyd by Lulu Lee Porterfield et al

by deed dated April 5, 1924, recorded in Vol. 76, page 605, deed records of said county."

And as to the land last above described the plaintiffs take nothing against said defendants, and said defendants go hence without day;

That plaintiffs recover against defendants Phelps and wife all of said land described in said petition and in the judgment, save and except the, following: "And being situated near Ingleside, in San Patricio County, Texas, and known and described as Fractional Tracts Numbers Fourteen (14), Fifteen (15) and Sixteen (16), in Land Block Number Ninety (90) of the T. P. McCampbell Subdivision of the T. P. McCampbell ranch and described by metes and bounds as follows: Beginning at a stake designated as NW corner of Tract 16 in the center line of road known as Ave. B; Thence S. 34° 4' W. 1383.5 ft. to a stake set for the SW corner, said stake being in the ·N line of the R. H. Welder 532 acre tract in the T. T. Williamson patent, Abst. No. 294; Thence N. 89° 9' E. 1165.8 ft. to a stake for the SE corner; Thence N. 34° 4' E. 716.5 ft. to a stake for the NE corner; Thence N. 55° 56' W. 856.8 ft. to the point of beginning. The enclosed tract being all of Fractional Lots 14, 15 and 16 of said Block 90 of the McCampbell Subdivision and containing 23.5 acres of land."

And that as to said land last above herein described the plaintiffs take nothing against said defendants, and said defendants go hence without day.

It is believed that the modification of the judgment as above indicated is justified and sustained in a general sort of way by the cases hereunder cited and the cases hereinbefore cited. Converse v. Langshaw, 81 Tex. 275, 16 S.W. 1031; Snyder v. Compton, Tex.Civ.App., 29 S.W. 73; Smithers v. Smith et al., 35 Tex.Civ.App. 508, 80 S.W. 646.

It is ordered that the judgment of the trial court be modified as above indicated, and as modified affirmed.

On Motion for Rehearing.

In the original opinion it was stated that the ruling of the trial court on the motion for continuance could not be reviewed because there was no bill of exceptions reserving ground for review. The statement was made without taking into consideration the amendment of 1939 to Section 4, Article 2237, R.S., Vernon's Ann.Civ.St. art. 2237. This amendment was entirely overlooked.

Let us assume, without deciding, that the amendment suffices to give the right of review where the overruling of the motion for continuance appears in the minutes. The transcript here fails to show that prior to the rendition of the judgment appealed from a motion for continuance was made and overruled. In plaintiff's amended motion for a new trial, duly verified, appears this statement: "The court, though admittingly possessing discretionary powers to grant, or refuse to grant, applications for continuance, abused its discretionary power in view of the peculiar circumstances of this cause in refusing and disallowing plaintiffs permission to withdraw their announcement of ready during the trial of the cause made."

The motion for continuance was filed on the 28th day of September, the same date plaintiffs' original motion for a new trial was filed. Order was made on October 27th overruling the motion for continuance and for a new trial. The judgment assailed shows on its face that same was rendered on the 26th day of September.

■ If the above-quoted portion of plaintiffs' amended motion for a new trial is an unequivocal statement that in limine a motion to withdraw the announcement of ready and to continue was made, it is not consistent with the record.

■ The main ground of complaint is that the court erred in the rejection of the Abe Williams' patent. This ground of exception is not presented by bill of exceptions. It does not appear from the transcript whether the document tendered was a copy of the records of San Patricio County or a certified copy of the records of the General Land Office.

Reversible error does not appear from the record before this court.

Motion overruled.